[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2010
JOHN LEY
CLERK

Nos. 08-17248 & 09-11210
_____

D. C. Docket No. 89-00023-CR-1-WCO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD REGINALD PHILLIPS,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(February 23, 2010)

Before CARNES, HULL and ANDERSON, Circuit Judges.

HULL, Circuit Judge:

This sentencing appeal presents questions regarding the interplay of 18

U.S.C. § 3582(c), Federal Rule of Criminal Procedure 35(a), and motions for reconsideration. Specifically, does Rule 35(a)'s seven-day time limit for correcting errors in sentences apply to a reduced sentence stemming from a § 3582(c)(2) proceeding? We first recount the events leading to this appeal.

## I. BACKGROUND

### A. Phillips's 1989 Original Sentence

Following a jury trial in 1989, Ronald Reginald Phillips was convicted of six drug-related offenses involving more than 50 grams of crack cocaine and a firearms offense in relation to a drug trafficking crime. Applying the 1988 sentencing guidelines, the presentence report ("PSR") concluded that Phillips was accountable for: 1,651.9 grams of crack, 198.3 grams of cocaine powder, and 42 grams of marijuana. Using the equivalency and the doubling rules in the 1988 sentencing guidelines, the drugs were treated as 33,077.7 grams of heroin.[1]

Phillips's base offense level was 36, which was the highest base level in the drug quantity table of the 1988 guidelines. U.S.S.G. § 2D1.1 (1988). A three point enhancement for a leadership role and two more points for obstruction

---

[1] The doubling rules applied to the drug quantity because Phillips also was convicted of maintaining a place for the purpose of manufacturing, distributing, and using cocaine within 1000 feet of an elementary school and possessing with the intent to distribute more than 500 grams of cocaine within 1000 feet of an elementary school in violation of 21 U.S.C. §§ 841(a)(1), 845a(a), 856(a)(1) and 18 U.S.C. § 2.

resulted in a total offense level of 41. With a criminal history category of III, Phillips's guidelines range was 360 months to life, with a consecutive term of 60 months' imprisonment under 18 U.S.C. § 924(c) for possessing and using firearms in relation to a drug trafficking crime.

At sentencing the district court adopted the PSR's findings but reduced Phillips's criminal history category to II. That reduction, however, had no effect on the guidelines range. The district court sentenced Phillips to concurrent terms of 360 months imprisonment on five drug-related counts and a consecutive term of 60 months on the firearms count. We affirmed Phillips's convictions and sentence. See United States v. Clavis, 956 F.2d 1079 (11th Cir. 1992), modified in part on reh'g, 977 F.2d 538 (11th Cir.1992).

In 1995 Phillips filed a motion to vacate his sentence under 28 U.S.C. § 2255, which was denied. The next year he filed multiple § 2255 petitions, all of which the district court denied. That court and this one denied his motions for certificates of appealability.

**B.     2008 New Sentence**

Thirteen years later in 2008, Phillips filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 715 to the sentencing

3

guidelines.[2]  Amendment 715 provided for a two-level reduction in the base offense levels for most offenses involving cocaine base and at least one other controlled substance.  See U.S.S.G. App. C, Amend. 715 (Supp. May 2008); U.S.S.G. § 2D1.1 cmt. n.10(D)(i).  Amendment 715 became effective on May 1, 2008 and was made retroactive by Amendment 716.  See U.S.S.G. § 1B1.10(c).

The district court directed the government to respond to Phillips's § 3582(c)(2) motion and appointed counsel for him.  On September 24, 2008, the court conducted a sentencing hearing and heard arguments from counsel for the government and Phillips regarding the § 3582(c)(2) motion.  The court also allowed Phillips individually to allocute.  The court did not rule at the hearing.

Rather, on December 5, 2008, the court entered a written order granting Phillips's § 3582(c)(2) motion.  In its order, the court reduced Phillips's drug-related sentence to 324 months.[3]  The court acknowledged that the parties disputed

---

[2]Phillips previously had filed a § 3582(c)(2) motion based solely on Amendment 706, which lowered certain base offense levels under U.S.S.G. § 2D1.1(c) for crack cocaine offenses.  See United States v. Moore, 541 F.3d 1323, 1325, 1327 (11th Cir. 2008).  Amendment 706 was applied retroactively beginning on March 3, 2008 as a result of Amendment 713.
  The district court denied Phillips's motion because Amendment 706 did not effectively reduce the base offense level for certain offenses involving two or more different types of controlled substances.  Phillips filed the § 3582(c)(2) motion at issue in this case after Amendment 715 became effective.

[3]At the hearing, the district court did not believe that it had jurisdiction to rule on the § 3582(c)(2) motion, because Phillips's appeal from the district court's denial of his first § 3582(c)(2) motion under Amendment 706 was still pending at the time of the hearing.  This Court granted Phillips's motion to dismiss that appeal on November 10, 2008.

whether the 2008 or the 1988 version of the guidelines should be used to calculate Phillips's new base offense level under Amendment 715.  Applying Amendment 715 to the 1988 guidelines lowered Phillips's base offense level from 36 to 34, resulting in a total offense level of 39 and a new guidelines range of 324 to 405 months' imprisonment.  Under the 2008 version of the guidelines, however, the applicable calculation gave Phillips a base offense level of 38, which, under Amendment 715, would be reduced to a base offense level of 36.[4]  Thus, applying the 2008 version would result in the same base offense level of 36 that Phillips originally received under the 1988 guidelines and would not alter Phillips's original guidelines range of 360 months to life imprisonment.

In its order, the district court concluded that it should use the 1988 version of the guidelines to determine Phillips's new base offense level under Amendment 715.  The court reduced Phillips's imprisonment sentence to 324 months on the drug-related offenses with a consecutive 60-month term on the firearms crime, reasoning in its order:

> After considering defendant's file, the factors set forth in § 3553(a), and the provisions and commentary of U.S.S.G. § 1B1.10, the court agrees with defendant that he should receive a reduced sentence. Under the 1988 [s]entencing [g]uidelines, application of Amendment 706 and 715 to this case yields a base offense level of 34, a total

---

[4]This discrepancy is due to an intervening change in the sentencing guidelines between the time when Phillips was sentenced and the time of the district court's order.

5

offense level of 39, a criminal history category of II, and a guideline range of 324 to 405 months imprisonment. Defendant's original sentence fell at the bottom of the guideline range, and the court believes that his amended sentence should follow suit. <u>Therefore, in its discretion, the court will reduce defendant's sentence to 324 months, with a consecutive term of 60 months</u>.

(Emphasis added).

In its order, the district court also expressly changed Phillips's sentence to 324 months as follows: "The Judgment and Commitment dated November 21, 1989, is hereby **AMENDED** . . . to change defendant's sentence from 360 to 324 months imprisonment. All other terms of the Judgment and Commitment will remain unchanged." As a result of the December 5 order, Phillips in fact had a new sentence of 324 months imprisonment, followed by 60 months imprisonment for the § 924(c) firearms offense.

C.     **Government's Motion for Reconsideration**

On December 19, 2008, ten business days after the district court's order, the government filed a "Motion for Reconsideration of the Court's Order to Reduce Defendant's Sentence Pursuant to 18 U.S.C. § 3582(c)(2)." The government's motion sought to have Phillips's 1989 sentence of 360 months reinstated based on <u>United States v. James</u>, 548 F.3d 983 (11th Cir. 2008).[5] In <u>James</u>, this Court

---

[5]The <u>James</u> decision was issued on November 12, 2008, seven weeks after the district court conducted the September 24 hearing on Phillips's § 3582(c)(2) motion, but about three weeks before the court granted Phillips's § 3582(c)(2) motion and actually reduced his sentence.

concluded that, in evaluating whether the crack-cocaine Amendment 706 reduced a defendant's base offense level, we look not to the base offense level for James's original sentence in 1989 but to the base offense level for the same amount of drugs at the time of the § 3582 motion.[6]  And in Phillips's case, the government's motion argued the district court erred in applying the 1988 guidelines because under James the current guidelines apply, Amendment 706 did not lower Phillips's base offense level under the 2008 guidelines, and thus the court lacked authority under § 3582(c)(2) to modify Phillips's 1989 sentence.

**D.    District Court Grants Government's Motion**

On January 26, 2009, the district court issued an order granting the government's motion for reconsideration.  The district court noted that Local Rule of Civil Procedure 7.2(E) for the Northern District of Georgia provides that "motions for reconsideration" can be filed within ten days after the entry of the order or judgment.[7]  The district court concluded that it "has discretion to decide

_____

[6]In James, the defendant originally was held responsible for a drug amount yielding a base offense level of 36 under the 1989 version of the sentencing guidelines.  See 548 F.3d at 986.  At the time of his § 3582(c)(2) motion in 2008, James's base offense level would be 38 for the same amount of drugs.  This Court determined that the two-level reduction in Amendment 706 did not lower James' base offense level and guidelines range under the 2008 guidelines, and thus James was not entitled to resentencing under § 3582(c)(2).  Id.

[7]Local Criminal Rule 1.1(C) provides that "[c]ivil local rules shall apply [in criminal proceedings] insofar as they do not conflict with any statute, federal rule, local criminal rule, or

when to amend its prior orders," that "<u>James</u> is controlling in this case," and that "the court must calculate [Phillips's] base offense level according to the [s]entencing [g]uidelines currently in effect, rather than according to those in effect at the time of his 1989 conviction." Because Phillips's base offense level under the 2008 guidelines was 38, a two-step reduction under Amendment 715 yielded a base offense level of 36, the same base offense level he received in 1989. Given <u>James</u> and this calculation, the district court granted the government's motion for reconsideration.

In its January 26 order, the district court stated that it was "setting aside . . . the December 5, 2008 order of this court granting [Phillips's] § 3582(c)(2) motion for reduction of sentence." The court further stated that "Defendant's original sentence of 360 months imprisonment, with a consecutive term of 60 months, therefore remains in place as imposed at his 1989 sentencing. All other terms of the Judgment and Commitment will remain unchanged."[8]

Phillips timely appealed this January 26, 2009 order.

## II. DISCUSSION

---

individual order." LCrR 1.1(C), NDGa.

[8]Phillips also filed a motion for reconsideration, asking the district court to further reduce his sentence below the newly calculated guidelines range of 324 to 405 months. The district court denied Phillips's motion in the same order, and Phillips has not raised that issue in this appeal.

The parties here do not dispute what <u>James</u> holds or that under <u>James</u> the district court should have applied the 2008 guidelines in effect at the time of Phillips's § 3582(c)(2) motion. No party disputes that there was a clear error in the new sentence of 324 months which the district court imposed on December 5, 2008 in its order granting Phillips's § 3582(c)(2) motion. Rather, the issue here concerns whether the court had jurisdiction on January 26, 2009 to modify the 324-month imprisonment sentence imposed on December 5, 2008 by vacating its December 5, 2008 order.

Phillips argues the district court lacked jurisdiction to modify or vacate his 324-month imprisonment sentence and reinstate his original 360-month sentence because: (1) § 3582(c)(1)(B) provides a district court may not modify an imprisonment sentence except where expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; (2) there is no other statute permitting the district court to modify his 324-month sentence and thus this modification could only be done pursuant to Rule 35; (3) Rule 35(a) has a seven-day jurisdictional time limit; and (4) the district court did not act (to vacate the 324-month and reinstate the 360-month imprisonment sentence) within seven days and thus lacked jurisdiction to do so.

In response, the government argues that its motion was a motion to

reconsider, <u>not</u> a motion under Rule 35(a), and that it was timely filed within the 10-day time period allotted in Local Rule 7.2(E) for filing such motions.  The government contends that a § 3582(c)(2) proceeding is not a "sentencing" subject to Rule 35(a) at all and that the district court retained authority to reconsider its ruling on Phillips's § 3582(c)(2) motion.[9]

To analyze these arguments, we first examine the language in § 3582(c) and Rule 35 and how the statute and the rule narrowly limit a district court's authority to modify an imprisonment sentence after it has been imposed.

## A.    Restrictions in § 3582(c) and Rule 35(a)

The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.  Specifically, § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, <u>see</u> 18 U.S.C. § 3582(c)(1)(A); (2) where another

---

[9]"We review <u>de novo</u> questions concerning the jurisdiction of the district court."  <u>United States v. Oliver</u>, 148 F.3d 1274, 1275 (11th Cir. 1998).  Whether the district court had the authority to modify and vacate Phillips's 324-month sentence on January 26, 2009 is a question of law subject to <u>de novo</u> review.  <u>See</u> <u>United States v. Moore</u>, 541 F.3d 1323, 1326 (11th Cir. 2008) ("In a § 3582(c)(2) proceeding, we review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.  We review <u>de novo</u> questions of statutory interpretation.") (internal quotation marks and citation omitted), <u>cert. denied</u>, 129 S. Ct. 1601 (2009).

statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2).[10]  Only § 3582(c)(1)(B) is relevant to the issue of whether the district

---

[10]18 U.S.C. § 3582(c) provides in full:

c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--

>(1) in any case--

>>(A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

>>>(i) extraordinary and compelling reasons warrant such a reduction; or

>>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

>>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

court could modify the 324-month sentence imposed on December 5, 2008 based on the government's motion for reconsideration. Section 3582(c)(1)(B) provides:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>    . . .
>
>   (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . . .

18 U.S.C. § 3582(c)(1)(B). The unambiguous language of § 3582(c)(1)(B) indicates that, absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35. No party claims any other statutory authority is applicable here. Thus, we focus on Rule 35.

Federal Rule of Criminal Procedure 35 significantly restricts how and when a district court may modify an imprisonment sentence. Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).[11] Thus,

_____

18 U.S.C. § 3582(c).

[11]The version of Federal Rule of Criminal Procedure 35 in effect when the district court ruled on the government's motion to reconsider provided that a court may correct a sentence "[w]ithin 7 days after sentencing." Fed. R. Crim. P. 35(a) (2007). In 2009 the rule was amended to provide for a 14-day time limit. Fed. R. Crim. P. 35(a) (2009). Because the amendment

under Rule 35(a), a court can correct a sentence only for "arithmetical, technical, or other clear error" and must do so within 7 days. Fed. R. Crim. P. 35(a).[12] Accordingly, after the district court imposed the 324-month imprisonment sentence in its December 5, 2008 order, the court had only a narrow window of time under Rule 35(a) in which to modify that sentence. See Fed. R. Crim. P. 35(a), advisory committee's note (1991) ("The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a).").

The writers of Rule 35(a) limited both its scope and its deadline to promote the finality of sentences and enable the parties to appeal a sentence promptly. The Advisory Committee note states that the Committee "believed that the time for correcting such errors should be narrowed within the time for appealing the sentence to reduce the likelihood of jurisdictional questions in the event of an

---

became effective December 1, 2009, see id., it does not apply to this case.

[12]Rule 35(b) allows a court to reduce a sentence upon the government's motion if the defendant provided the government substantial assistance after sentencing in investigating or prosecuting another person. The government filed no such motion in this case, and Rule 35(b) is not applicable. Additionally, Federal Rule of Criminal Procedure 36 allows a court at any time, after giving notice, to correct a "clerical error in a judgment, order, or other part of the record." Fed. R. Crim. P. 36. Neither party has argued that the district court's January 26, 2009 order constituted the correction of a "clerical error," and Rule 36 is not at issue in this appeal.

appeal and to provide the parties with an opportunity to address the court's correction of the sentence, or lack thereof, in any appeal of the sentence.[13]   A shorter period of time would also reduce the likelihood of abuse of the rule by limiting its application to acknowledged and obvious errors in sentencing."  Fed. R. Crim. P. 35 advisory committee's note (1991).  As the Rule 35 advisory committee note makes clear, the rule "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or . . . simply to change its mind about the appropriateness of the sentence . . . [or] to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines."  Fed. R. Crim. P. 35 advisory committee's note (1991).

Importantly for this case, this Court has held that the seven-day time limit in Rule 35(a) is jurisdictional, and that "[o]utside of Rule 35(c)[14] there exists no 'inherent authority' for a district court to modify a sentence."  United States v. Diaz-Clark, 292 F.3d 1310, 1319 (11th Cir. 2002); see also United States v.

---

[13]At the time of the district court's order, the time period in which a defendant could file a notice of appeal from a sentence was ten days.  Fed. R. App. P. 4(b)(1)(A)(2005).  As of December 1, 2009, Rule 4(b)(1)(A) has been amended to allow 14 days for a defendant to appeal a judgment or order in a criminal case.  Fed. R. App. P. 4(b)(1)(A)(2009).

[14]"Former Rule 35(c), which addressed the authority of the court to correct certain errors in the sentence, is now located in Rule 35(a)."  Fed. R. Crim. P. 35 advisory committee's note (2002).

Morrison, 204 F.3d 1091, 1093 (11th Cir. 2000) (noting the seven-day limitation contained in then Rule 35(c) "is jurisdictional"). In Diaz-Clark, we were "presented with the specific question of whether a district court has jurisdiction, after the expiration of the time provided by Rule 35 of the Federal Rules of Criminal Procedure and without any federal habeas corpus petition before it, to reduce a prisoner's sentence based upon its conclusion that the sentence it had originally imposed was erroneous due to a grouping error under the [s]entencing [g]uidelines." 292 F.3d at 1311. The Diaz-Clark court noted that (1) the district court "did not act within Rule 35(c)'s seven-day time period in modifying Diaz-Clark's sentence," (2) "a court's modification of a sentence outside of this seven-day period is an action taken without the requisite jurisdiction, and is a legal nullity," and (3) the district court's "decision can only be upheld if it had some 'inherent authority' to modify the sentence." Id. at 1317. This Court further stressed that whatever the scope of a district court's inherent power, "'it does not include the power to develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure.'" Id. at 1318 (quoting Carlisle v. United States, 517 U.S. 416, 426, 116 S. Ct. 1460, 1466 (1996)). "'[F]ederal courts have no more discretion to disregard the Rule's mandate than they do to disregard constitutional or statutory provisions.'" Id. Accordingly, in Diaz-Clark we enforced the seven-

15

day limit in Rule 35 and held the district court lacked jurisdiction to "modify the original sentence." Id. at 1311.[15]

Based on Diaz-Clark and § 3582(c)(1)(B), and absent other statutory authority, we know that a district court lacks jurisdiction to modify a defendant's original imprisonment sentence except within seven days as provided by Rule 35(a). And whether the government moves for correction of an error or the court acts sua sponte, the court must act within seven days after the sentencing.[16] While Diaz-Clark is helpful, it does not squarely answer the question here because Diaz-Clark involved an original sentence and not a later, different sentence stemming from a § 3582(c)(2) proceeding.

## B. Rule 35(a) and § 3582(c)(2) sentences.

With this background, the pivotal issue here is whether Rule 35(a) also applies to imprisonment sentences, like Phillips's, imposed in a § 3582(c)(2)

---

[15]See also Fed. R. Crim. P. 45(b)(2) ("The court may not extend the time to take any action under Rule 35, except as stated in that rule."); United States v. Higgs, 504 F.3d 456, 458-59, 464 (3d Cir. 2007) (concluding that district court was without jurisdiction to deny a Rule 35(a) motion for reduction of sentence outside the seven-day time limit, even where counsel filed the Rule 35(a) motion within seven days of the sentencing hearing); United States v. Shank, 395 F.3d 466, 470 (4th Cir. 2005) (concluding that, although defendant filed a Rule 35 motion within seven days of sentencing, the district court lacked jurisdiction to deny motion five months after the sentencing).

[16]See Fed. R. Crim. P. 35 advisory committee's note (1991) (stating that Rule 35 "does not provide for any formalized method of bringing the error to the attention of the court and recognizes that the court could sua sponte make the correction."). Again, neither Diaz-Clark nor this case involves a Rule 35(b) or Rule 36 motion. See supra note 12.

proceeding. The government argues that Rule 35 does not apply <u>at all</u> because (1) Rule 35(a) says "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error"; and (2) a § 3582(c)(2) proceeding is not equivalent to a "sentencing." Despite the fact that it would not have been permitted after Phillips's original sentence, the government argues that a motion for reconsideration should be allowed in § 3582 sentencing proceedings and should permit the district court to vacate the new § 3582 sentence and reinstate the original sentence at any time as long as the local court rules allow for motions for reconsideration and as long as the government files its motion for reconsideration within ten days.[17] We disagree.

While a § 3582(c)(2) proceeding is not a plenary or <u>de novo</u> sentencing, it is still a sentencing proceeding. <u>See</u> U.S.S.G. § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant"). We recognize that in a § 3582(c)(2) matter, "[a]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." <u>United</u>

---

[17]One fatal flaw in the government's argument is that if Rule 35 does not apply at all to the 324-month sentence stemming from the § 3582(c)(2) proceeding, then the government is stuck with the unambiguous language of § 3582(c)(1)(B) that prohibits a district court from modifying an imprisonment sentence except where expressly permitted by statutory authority or Rule 35. But the defendant does not make this argument, and the parties seem to debate only whether Rule 35 applies in § 3582(c)(2) proceedings.

States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000).  But the tasks the district court does have in a § 3582 proceeding show it is a sentencing, albeit a truncated one.[18]

For example, in a § 3582(c)(2) proceeding, the district court engages in this analysis: (1) determines if the applicable new amendment actually lowers the defendant's guidelines range; (2) if the amended range is lower, determines the sentence it would have imposed given the amended guidelines range, holding constant all other findings made at the original sentencing; and (3) decides whether to impose a new, reduced sentence or retain the original one.  See U.S.S.G. §§ 1B1.10 (a), (b), cmt. n.1(A), (B), n.2; United States v. Jules, – F.3d –, No. 08-13629, 2010 WL 348044, at *2 (11th Cir. Feb. 2, 2010); Bravo, 203 F.3d at 780-81.  And in deciding sentences in a § 3582(c)(2) proceeding, the district court considers, inter alia, the sentencing factors found in 18 U.S.C. § 3553(a),[19] the danger posed to the community if the defendant's sentence is reduced, and the

---

[18]Although the district court had a hearing with Phillips present, the district court in a § 3582(c)(2) matter is not required to have a sentencing hearing at all, a defendant need not be present, and a supplemental PSR is not required.  United States v. Jules, – F.3d –, No. 08-13629, 2010 WL 348044, at *2, *5 (11th Cir. Feb. 2, 2010).  However, "each party must be given notice of and an opportunity to contest new information relied on by the district court in a § 3582(c)(2) proceeding."  Id. at *5.  Nonetheless, "courts need not permit re-litigation of any information available at the original sentencing" and a party is not entitled to respond to the new information "when the court does not intend to rely on new information."  Id.  Further, the district court has discretion to decide whether to allow the parties to contest new information either in writing or at a hearing.  Id.

[19]Section 3553(a) factors include the policy statements found in the sentencing guidelines.  18 U.S.C. § 3553(a)(5).

defendant's post-sentencing conduct.  See U.S.S.G. § 1B1.10 cmt. n.1(B)(i)-(iii); Bravo, 203 F.3d at 781; see also United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) ("[A] § 3582(c)(2) motion is not a civil post-conviction action, but rather a continuation of a criminal case . . . . [It] governs the imposition and subsequent modification of a sentence of imprisonment, and it refers to the statutes and rules governing the imposition of sentences.") (internal quotation marks and citation omitted); accord United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

Accordingly, if a district court grants a defendant's § 3582(c)(2) motion, modifies the original sentence, and imposes a different term of imprisonment, the district court is again "sentencing" the defendant.  See United States v. Lawrence, 535 F.3d 631, 635 (7th Cir. 2008) (stating that although the district court "did not hold hearings or make oral announcements" when granting the defendant's § 3582(c)(2) motion, the court's written order functioned as a "sentencing" under Rule 35(a) and triggered the seven-day period).  A sentencing, whether imposing the initial sentence or a subsequent different sentence, is a sentencing.

Indeed, the government gives us no reason why a district court should have more time or authority to change its mind after granting a § 3582(c)(2) motion than after an initial sentencing.  We conclude the strictures of Rule 35 apply both after

19

the plenary initial sentencing and the more truncated § 3582 sentencing proceeding. See United States v. Dotz, 455 F.3d 644, 648 (6th Cir. 2006) (rejecting defendant's "creative characterization" of his Rule 35(a) motion as a motion for reconsideration and concluding that "[i]n the sentencing context, there is simply no such thing as a 'motion to reconsider' an otherwise final sentence" given the limited circumstances under § 3582(c) in which a sentence can be modified); accord United States v. Houston, 529 F.3d 743, 753 n.2 (6th Cir. 2008), cert. denied, 129 S. Ct. 2764 (2009).

For these reasons, we conclude the district court lacked jurisdiction on January 26, 2009 to modify Phillips's 324-month sentence imposed on December 5, 2008.[20]

## C.    Motions for Reconsideration

The government correctly points out that the Supreme Court and this Court have permitted motions for reconsideration in criminal cases notwithstanding the fact that the Federal Rules of Criminal Procedure do not expressly provide for

---

[20]As to how to count the seven-day time limit, Rule 35(c) defines "sentencing" as "the oral announcement of the sentence." This provision was added to resolve a circuit split as to whether the imposition of the sentence occurred at the oral sentencing or upon the entering of the written judgment by the court. See Fed. R. Crim. P. 35(c) advisory committee's note (2004) (explaining the need for a definition of "sentencing"). Because the district court did not make an oral announcement of Phillips's new sentence, the imposition of the 324-month sentence occurred on December 5, 2008 when the district court's written order was entered. See United States v. Lawrence, 535 F.3d at 635 (concluding same).

them and have concluded such motions toll the time for filing appeals in criminal cases. United States v. Ibarra, 502 U.S. 1, 6-8, 112 S. Ct. 4, 6-7 (1991) (government's motion to reconsider an order suppressing evidence[21] tolls the time for appeal); United States v. Dieter, 429 U.S. 6, 7-9, 97 S. Ct. 18, 18-20 (1976) (government's motion to set aside an order of dismissal tolls the time for appeal); United States v. Healy, 376 U.S. 75, 78-80, 84 S. Ct. 553, 555-57 (1964) (government's petition for rehearing after the dismissal of indictment tolls the time for appeal); United States v. Vicaria, 963 F.2d 1412, 1414 (11th Cir. 1992) (a motion for reconsideration of the district court's grant of a new trial tolls the time for appeal).

However, these decisions did not involve a motion to correct an imprisonment sentence and therefore they did not need to address the unambiguous language in § 3582(c)(1)(B) which prohibits a district court from modifying an imprisonment sentence except as "expressly permitted by statute or by Rule 35." And here the sole issue is correction of an imprisonment sentence. Section

_____

[21]In Ibarra, the Supreme Court reiterated:
that a motion for rehearing in a criminal case, like a motion for rehearing in a civil case, renders an otherwise final decision of a district court not final until it decides the petition for rehearing. In Dieter, we rejected an effort to carve out exceptions to this general rule in the case of petitions for rehearing which do not assert an alleged error of the law. We think that the Court of Appeals' present effort to carve out a different exception to the general rule laid down in Healy must likewise be rejected.
502 U.S. at 6, 112 S. Ct. at 6.

3582(c)(1)(B) does not include a ten-day motion for reconsideration as an exception to the sentence modification prohibition. See Dotz, 455 F.3d at 648 (concluding "there is simply no such thing as a motion to reconsider an otherwise final sentence," Ibarra does not hold to the contrary, and stressing § 3582 sets forth the limited circumstances in which a sentence can be modified). The fact that the Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration is not the basis for, or even a concern for, our decision here. Rather, the unambiguous language in § 3582(c)(1)(B) is, coupled with the fact that the only issue before the district court in this case was a request to modify the 324-month imprisonment sentence.

The government also relies on district court Local Civil Rule 7.2(E), which provides: "Whenever a party or attorney for a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within ten (10) days after entry of the order or judgment." LR 7.2(E), NDGa (2008).[22] In turn, Local Criminal Rule 1.1(C) provides: "[c]ivil local rules shall apply [in criminal proceedings] insofar as they do not conflict with any statute, federal rule, local criminal rule, or individual

_____

[22]Local Rule 7.2(E) was amended as of December 1, 2009 to provide for a period of twenty-eight (28) days after entry of the order or judgment in which to file a motion for reconsideration. LR 7.2(E), NDGa (2009). Because this amendment was not yet in effect at the time that the government filed its motion, the former version of the rule applies in this case.

order." LCrR 1.1(C), NDGa (emphasis added). To the extent the government argues the district court could act and modify the 324-month imprisonment sentence based on the government's motion to reconsider, Local Civil Rule 7.2(E) conflicts with § 3582(c)(1)(B)'s statutory prohibition on a court's modification of an imprisonment sentence except as "expressly permitted by statute or by Rule 35." Additionally, because Rule 35(a)'s seven-day deadline is jurisdictional, it cannot be squared with Local Rule 7.2(E)'s allowance of a ten-day deadline for motions to reconsider in the context of sentencing. Therefore, Local Rule 7.2(E) does not help the government here.

Our conclusion in this case is strengthened by the fact that the subject of the government's motion for reconsideration is exactly what Rule 35(a) is designed to address. This Court has held that sentencing a defendant under the wrong guideline, for a crime to which he had not pled guilty, constitutes "clear error" qualifying for correction under Rule 35(a). See United States v. Yost, 185 F.3d 1178, 1181 (11th Cir. 1999).[23] As in Yost, the district court here applied the wrong set of sentencing guidelines when it granted Phillips's § 3582(c)(2) motion, resulting in a reduction of his sentence where none was authorized. Given James,

---

[23]In contrast, it is not "clear error" when a district court imposes a plainly permissible sentence under the guidelines and applicable statutes but misunderstands the breadth of its discretion under the sentencing guidelines, imposing a higher sentence than it otherwise would have imposed. United States v. Lett, 483 F.3d 782, 788-90 (11th Cir. 2007).

the district court's error "would almost certainly result in a remand of the case to the trial court for further action." Fed. R. Crim. P. 35 advisory committee's note (1991). For that reason too, the district court had to act within seven days under Rule 35(a) or not at all.

## III. CONCLUSION

We conclude that under § 3582(c) and Rule 35(a), the district court on January 26, 2009 did not have jurisdiction after seven days had passed to modify and vacate Phillips's 324-month sentence imposed on December 5, 2008.[24] We thus reverse and vacate the district court's order dated January 26, 2009. This leaves intact the 324-month imprisonment sentence imposed in the district court's order dated December 5, 2008 as well as the consecutive 60-month sentence for the firearms offense.

**REVERSED AND REMANDED.**

---

[24]Because the seven-day window in Rule 35(a) is jurisdictional, there is no merit to the government's alternative argument that Phillips "invited the error" when he filed his own motion for reconsideration after the seven-day deadline, and then waived the issue by failing to argue the issue of untimeliness in the district court in response to the government's motion for reconsideration. Regardless of Phillips's own actions, the district court did not have jurisdiction after the expiration of the seven-day time limit.

24