[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14566
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 97-00074-CR-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOMER GREEN,
a.k.a. Jojo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(April 30, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Homer Green appeals the district court's denial of his *pro se* motion to

reconsider the sentence imposed after the district court granted his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2).  Because we conclude the district court lacked jurisdiction to reconsider the sentence imposed, we vacate and remand.

In 1999, Green was convicted of conspiracy to possess and possession with intent to distribute crack cocaine and sentenced to 360 months' imprisonment.

In 2008, Green filed a *pro se* motion to reduce his sentence under § 3582(c)(2) based on a sentencing guideline amendment that retroactively lowered the base offense level applicable to crack offenses.  On May 19, 2008, the district court granted the motion, determined the new guidelines range to be 292 to 365 months' imprisonment, and sentenced Green to 292 months' imprisonment.

Thereafter, on June 5, 2008, Green filed a motion for reconsideration in which he objected to the manner in which the court determined the new guidelines range and sentence.  On August 26, 2009, the district court denied the motion. This appeal followed.

We review *de novo* whether the district court had jurisdiction over Green's motion to reconsider.  *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).

The authority of a district court to modify an imprisonment sentence is

narrowly limited by statute. Under § 3582(c), a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure ("Rule") 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met. *See* 18 U.S.C. § 3582(c)(1)-(2); *Phillips*, 597 F.3d at 1194-95.

Our recent decision in *Phillips* dictates the outcome of Green's case. Once the court modified Green's sentence under § 3582(c)(2), there was no authority for the court to further modify the sentence except as expressly provided by Rule 35. Rule 35, however, permits the court to correct a sentence only within seven days. *See* Fed. R. Crim. P. 35(a);[1] *Phillips*, 597 F.3d at 1195-96. And this time frame is jurisdictional. *Phillips*, 597 F.3d at 1196-97.

Here, the district court granted Green's § 3582(c)(2) motion on May 19, 2008. The court took no action to correct the sentence within seven days. In fact,

---

[1] The rules have since been amended to provide that the court may correct a sentence within fourteen days. That amendment did not become effective until December 1, 2009. *See* Fed. R. Crim. P. 35 (2009). Thus, at the time the district court considered Green's motion, the court was under the seven-day limitation.

Green did not file for reconsideration until June 5, 2008, and the district court did not rule on the motion until August 26, 2009. Because more than seven days elapsed, the district court lacked jurisdiction to reconsider Green's sentence.[2]

Accordingly, we VACATE and REMAND with instructions for the district court to dismiss the motion for reconsideration.

---

[2] Although motions for reconsideration are permitted in criminal cases generally, such motions do not apply in proceedings under § 3582(c)(2). *See Phillips*, 597 F.3d at 1199-1200. The proper avenue for Green to challenge the manner in which the district court determined his new guidelines range was to appeal the district court's order granting his § 3582(c) motion within the time permitted.