[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13673
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:99-cr-10035-KMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE MATHIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 18, 2011)

Before BLACK, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jermaine Mathis, proceeding *pro se*, appeals the district court's denial of

his motion to revisit his 262-month prison sentence, imposed approximately 7

years earlier, after a jury found him guilty of conspiracy to distribute and possess powder and crack cocaine. Mathis raises substantive challenges to the denial of his motion to revisit arguing, *inter alia*, that the Government breached a stipulation entered into by both parties regarding the amounts and types of drugs involved in his offense.[1] The Government responds that, pursuant to the unambiguous language of 18 U.S.C. § 3582(c), the district court lacked jurisdiction to consider Mathis's motion to revisit his sentence.

We review "*de novo* questions concerning the jurisdiction of the district court." *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010). Whether a district court has authority to modify and vacate a sentence is a question of law subject to *de novo* review. *See id.*

As we have recently held,

> The authority of a district court to modify an imprisonment sentence [once it has been imposed] is narrowly limited by statute. Specifically, [18 U.S.C.] § 3582(c) provides that a court may not modify an imprisonment sentence except in these three circumstances: (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, *see* 18 U.S.C.

---

[1]We decline to address the substantive challenges to the denial of Mathis's motion to revisit based on our decision to vacate and remand.

2

§ 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, *see id.* § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met, *see id.* § 3582(c)(2).

*Phillips,* 597 F.3d at 1194-95; *see* 18 U.S.C. § 3582(c).

We conclude that none of the circumstances allowing a district court to modify a sentence are present in the instant case. Although the district court ultimately denied Mathis's motion to revisit his sentence, it did not have jurisdiction to consider the motion on its merits. Accordingly, we vacate the district court's order, and remand for the district court to dismiss the motion for lack of jurisdiction.

**VACATED AND REMANDED.**