[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10016
Non-Argument Calendar
_____

D.C. Docket No. 0:08-cr-60235-JIC-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK FUNCHESS,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 30, 2015)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Patrick Funchess, proceeding *pro se*, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Funchess argues the district court erred in denying his motion because he is entitled to a reduction under Amendment 782 of the Sentencing Guidelines, U.S.S.G. App. C, amend. 782.  Upon review, we affirm.[1]

"Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008); *see also* U.S.S.G. § 1B1.10(a)(2)(B) (stating a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range").  Funchess's applicable guidelines range was determined by the career-offender guideline, U.S.S.G. § 4B1.1(a), not the drug quantity table, U.S.S.G. § 2D1.1(c).  Since Amendment 782 amended the drug quantity table, and not the career-offender guideline upon which Funchess's sentence was based, § 3582(c)(2) relief is not available to Funchess under Amendment 782.  The district court therefore did not err in denying the motion for a sentence reduction.

**AFFIRMED.**

---

[1]  We review de novo a district's court's legal conclusions as to the scope of its authority under § 3582(c)(2).  *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).