[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-13503
Non-Argument Calendar
_____

D.C. Docket No. 0:15-tp-60050-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY SLAUGHTER,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 23, 2020)

Before GRANT, HULL, and MARCUS, Circuit Judges.

PER CURIAM:

Johnny Slaughter, a federal prisoner proceeding *pro se*, appeals from the

district court's dismissal of his motion to reduce his sentence under Fed. R. Crim. P.

35(a). The government has moved for summary affirmance and to stay the briefing schedule. Slaughter has moved for summary judgment.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review questions of the district court's jurisdiction *de novo*. *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010). We may affirm for any reason supported by the record. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012). Issues not briefed on appeal are deemed abandoned. *See United States v. White*, 593 F.3d 1199, 1204 n.3 (11th Cir. 2010).

Federal Rule of Criminal Procedure 35(a) provides that the district court may correct a sentence that resulted from arithmetical, technical, or other clear error within 14 days after sentencing. Fed. R. Crim. P. 35(a). The time limit in Rule 35(a) is jurisdictional. *See Phillips*, 597 F.3d at 1196.

Here, as an initial matter, Slaughter's motion for summary judgment, in which he argues that he is entitled to relief because the government missed the deadline to

2

file its brief on appeal, is due to be denied because the government asked for and received an extension of the filing deadline before Slaughter filed his motion.

Next, the government's argument is correct as a matter of law and there is no substantial question about the outcome of the appeal. *See Davis*, 406 F.2d at 1162. First, Slaughter has abandoned any challenge to the district court's dismissal of his Rule 35 motion because he does not raise any argument about it on appeal. *See White*, 593 F.3d at 1204 n.3. Rather, he makes different sentencing and conviction arguments on appeal than he made in his Rule 35 motion. To the extent that he seeks to challenge orders or judgments other than the district court's dismissal of his Rule 35 motion through his arguments on appeal, we will not consider such challenges because Slaughter did not specify any other orders or judgments in his notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B).

Even if Slaughter had not abandoned the issue, however, the government is correct as a matter of law that the district court lacked jurisdiction to consider his Rule 35 motion because it was not timely. *See Phillips*, 597 F.3d at 1196. A district court may only correct or reduce a sentence under Rule 35(a) within 14 days of the pronouncement of the sentence, and Slaughter filed his motion more than 2 years after his sentence was pronounced in July 2017. *See* Fed. R. Crim. P. 35(a). Accordingly, the district court was without power to modify Slaughter's sentence

under Rule 35(a) and correctly dismissed his motion for lack of jurisdiction. *See Phillips*, 597 F.3d at 1196.

Thus, there is no substantial question as to the outcome of the case, and the government's position is correct as a matter of law. *See Davis*, 406 F.2d at 1162. Accordingly, the government's motion for summary affirmance is GRANTED, Slaughter's motion for summary judgment is DENIED, and the government's motion to stay the briefing schedule is DENIED as moot.