[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12078
Non-Argument Calendar
_____

D.C. Docket No. 0:06-cr-60350-JIC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICKEY PUBIEN,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 25, 2020)

Before NEWSOM, LAGOA and HULL, Circuit Judges.

PER CURIAM:

Mickey Pubien, a federal prisoner now proceeding with counsel, appeals the

district court's order granting in part and denying in part his *pro se* motion for

relief under the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194. On appeal, Pubien argues that he was entitled to a plenary resentencing under First Step Act §§ 401 and 404. He also argues that the district court should have reduced his total sentence under the "sentencing package" doctrine. We are not persuaded by Pubien's arguments, and we therefore affirm.

## I

In 2006, a federal grand jury indicted Mickey Pubien for his involvement in an illegal drug distribution scheme. Pubien was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846 (Count 1); conspiracy to possess with intent to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and § 846 (Count 3); and four counts of possession with intent to distribute 500 grams or more of cocaine in violation of §§ 841(a)(1) and (b)(1)(B) (Counts 5, 9, 22, and 25).

After a jury trial, Pubien was convicted on all counts. Pubien's Presentence Investigation Report, to which he did not object, set his total offense level at 38 and his criminal history category at III—which typically would have resulted in an Sentencing Guideline imprisonment range of 292 to 365 months' imprisonment. Because Pubien had previously been convicted of three drug felonies, however, the government filed notice that—under 21 U.S.C. § 841(b)(1)(A)—Pubien faced

mandatory statutory penalties of life imprisonment without release as to Counts 1 and 3. Pubien's Guideline imprisonment range was therefore increased to life imprisonment, pursuant to U.S.S.G. § 5G1.1(b). The district court sentenced Pubien to concurrent terms of life imprisonment on all counts, a decision we affirmed on direct appeal. *United States v. Pubien*, 349 Fed. App'x 473, 478 (11th Cir. 2009).

In February 2019, Pubien filed a motion for relief under the First Step Act, seeking a reduction of his sentence. The district court granted Pubien's motion in part and denied it in part. The district court held that only one of the convictions underlying Pubien's sentence—conspiracy to possess with intent to distribute 50 grams or more of crack cocaine (Count 3)—qualified as a "covered offense" under the First Step Act. Accordingly, the district court exercised its discretion under the Act to reduce Pubien's Count 3 sentence to 10 years, but it left Pubien's remaining life sentences unchanged. Pubien filed a motion for reconsideration, which the district court denied.

## II

Pubien makes three arguments on appeal. First, Pubien argues that the district court erred in holding that First Step Act § 404 does not allow for resentencing of his powder-cocaine offenses (Counts 1, 5, 9, 22, and 25). Second, he argues that the district court "ignored" a different provision of the First Step

3

Act—§ 401—which, he alleges, also permits resentencing for his powder-cocaine offenses. Finally, he argues that his sentences are "interdependent" and that, because he successfully challenged his crack-cocaine sentence (Count 3), he is entitled to full resentencing on all of his underlying counts under the "sentencing package" doctrine. We address each argument in turn.

## A

First, we consider Pubien's argument that First Step Act § 404 gives the district court authority to reduce the life-imprisonment sentences imposed for his powder-cocaine offenses (Counts 1, 5, 9, 22, and 25).[1] Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Under one of the limited exceptions to this rule, however, a court "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B); *see also United States v. Phillips*, 597 F.3d 1190, 1196–97 (11th Cir. 2010) ("[A]bsent other statutory authority, . . . a district court lacks jurisdiction to modify a defendant's original imprisonment sentence except within seven days as provided by Rule 35(a)."). The question here is whether First Step

---

[1] We review the district court's interpretation of a statute de novo. *United States v. Zuniga-Arteaga*, 681 F.3d 1220, 1223 (11th Cir. 2012).

Act § 404 provides the district court with the statutory authority necessary to modify Pubien's powder-cocaine sentences. We hold that it does not.

To understand the scope of First Step Act § 404, we must first start with two provisions in a different statute—§§ 2 and 3 of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2–3, 124 Stat. 2372. Sections 2 and 3 of the Fair Sentencing Act reduced statutory penalties for certain offenses involving crack cocaine. Specifically, § 2 of the Fair Sentencing Act reduced the disparity between the quantities of crack cocaine and powder cocaine required to trigger the statutory penalties prescribed by 21 U.S.C. §§ 841(b)(1) and 960(b). *Dorsey v. United States*, 567 U.S. 260, 264 (2012) (stating that the Fair Sentencing Act "reduc[ed] the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1"). Section 3 eliminated the mandatory minimum sentence for simple possession of crack cocaine in 21 U.S.C. § 844(a). *Dorsey*, 567 U.S. at 269. Under the Fair Sentencing Act, itself, however, §§ 2 and 3 apply only to offenders sentenced after August 3, 2010—the date the statute took effect. *See Dorsey*, 567 U.S. at 264.

First Step Act § 404 made §§ 2 and 3 of the Fair Sentencing Act retroactively applicable. In particular, First Step Act § 404 provides that a district court is authorized to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." § 404(b) (citation omitted). And it defines the term "covered

5

offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."  § 404(a) (citation omitted).

As the district court held, Pubien's crack cocaine conviction (Count 3) qualifies as a "covered offense" under § 404 of the First Step Act.  Section 2 of the Fair Sentencing Act modified the statutory penalties for Pubien's crack cocaine offense, and Pubien committed the offense before August 3, 2010.  The district court therefore had the discretion, under First Step Act § 404, to reduce Pubien's sentence for *that* count.  The district court was not authorized, however, to reduce the sentences imposed for any of Pubien's remaining convictions (Counts 1, 5, 9, 22, and 25), because the sentences imposed for those convictions—all of which related to powder cocaine—were not modified by section 2 or 3 of the Fair Sentencing Act.  None of those convictions, in other words, are "covered offenses" under First Step Act § 404.  We also note that, even if we somehow read § 404 to encompass Pubien's remaining convictions, it would do him little good: § 404 only permits resentencing "as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  (citation omitted).  And, as we've stated, sections 2 and 3 of the Fair Sentencing Act do nothing to alter the penalties for Pubien's powder cocaine convictions.

6

**B**

Pubien next argues that First Step Act § 401 entitles him to a reduced sentence for his powder-cocaine convictions.  First Step Act § 401 amended 21 U.S.C. § 841(b)(1)(A) by changing the mandatory penalties it imposed for repeat offenders, as well as altering the types of offenses that trigger those penalties.  Specifically, while § 841(b)(1)(A) previously stated that a prior conviction for a "felony drug offense" would trigger mandatory penalties, First Step Act § 401(a) changed the prior-conviction requirement to a "serious drug felony or serious violent felony."  First Step Act § 401(a) also changed the mandatory minimum sentence for defendants who have had two or more such prior convictions, from life imprisonment to 25 years.  Pubien argues that, because of these changes, he is entitled to a decreased sentence for his powder-cocaine convictions.

We disagree.  The First Step Act did not make § 401's amendments retroactively applicable to defendants sentenced prior to its enactment.  In fact, contrary to Pubien's argument, it explicitly makes the amendments *not* retroactively applicable to such defendants: it states that the provisions of §401 "shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*"  § 401(c).  Pubien, who was sentenced on October 26, 2007, is therefore not entitled to a sentence reduction under First Step Act § 401.

7

## C

Finally, Pubien argues that he is entitled to resentencing for his powder cocaine convictions under the "sentencing package" doctrine.  The sentencing package doctrine is a judicial practice born of the reality that, "especially in the guidelines era," sentencing a defendant on multiple counts is often an "inherently interrelated, interconnected, and holistic process."  *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014).  Accordingly, under the sentencing package doctrine, district courts are "free to reconstruct [a defendant's] sentencing package" when "one of more of the component counts is vacated"—thereby allowing the court to "ensure that the overall sentence remains consistent with the guidelines."  *Id.*

The sentencing-package doctrine has no place here, however, where the original sentence imposed was not a package of interconnected sanctions.  When Pubien was originally sentenced, his Count-1 and Count-3 convictions each independently required the imposition of a life sentence.  Although it's true that the district court later reduced Pubien's Count-3-based life sentence under the First Step Act, that sentence had (and has) no effect on his Count-1-based mandatory sentence.  There is no risk, in other words, that the "district court's original sentencing intent may [have] be[en] undermined" by the subsequent Count-3 sentence reduction.  *Pepper v. United States*, 562 U.S. 476, 507 (2011) (quotation

8

omitted).  Accordingly, no wholesale reconfiguration of Pubien's sentence is necessary.  *See id.*

## III

Because the First Step Act does not give the district court the authority to reduce Pubien's powder-cocaine sentences, and because there is no need to repackage Pubien's overall sentence, we affirm the district court's decision to grant in part and deny in part Pubien's motion to modify his sentence.

**AFFIRMED.**