[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11039
Non-Argument Calendar
_____

D.C. Docket No. 9:01-cr-08126-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL TYRONE MCCULLON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 7, 2020)

Before MARTIN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Michael McCullon appeals the district court's denial of his motion to modify his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). Because McCullon is not eligible for First Step Act relief under United States v. Jones, 962 F.3d 1290 (11th Cir. 2020), we affirm.

## I.

In 2001 McCullon was indicted on a number of charges including possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841. In 2002 a jury convicted him of the lesser-included offense of simple possession of crack cocaine, finding that he possessed only 0.15 grams. Under the law in effect at the time, and based on his criminal history, McCullon was subject to a sentence of 90 days to 3-years imprisonment. See 21 U.S.C.A. § 844(a) (2000). Today, that same sentence applies. See 21 U.S.C. § 844(a).

McCullon was sentenced to 36-months imprisonment to be followed by one year of supervised release for that offense. This was to be served concurrent to his 262-month sentence for possession of a firearm by a prohibited person under 18 U.S.C. § 922(g). In January 2020 McCullon moved for a modification of his sentence pursuant to Section 404 of the First Step Act. The district court denied the motion, finding that even if McCullon were eligible for First Step Act relief, he

2

was not entitled to resentencing because of his criminal history and because the statutory penalties for his offense had not changed.  McCullon timely appealed.

## II.

We review de novo whether a district court has authority to modify a term of imprisonment.  United States v. Phillips, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).  McCullon argues the district court has authority to modify his term of imprisonment pursuant to the First Step Act and abused its discretion in denying his motion for a modification.  McCullon maintains that he is eligible for First Step Act relief either because the Fair Sentencing Act modified the penalties for the crime with which he was charged (possession with intent to distribute 5 grams or more of crack cocaine) or because it modified some of the statutory penalties that apply to the provision McCullon violated.  McCullon concedes that the statutory penalty he was subject to was not changed by the Fair Sentencing Act.

McCullon's arguments in support of his eligibility for First Step Act relief are foreclosed by Jones.  In that case, a panel of this Court held that to be eligible for sentence modification under Section 404 of the First Step Act, a defendant must have been convicted of an offense that "triggered a statutory penalty that has since been modified by the Fair Sentencing Act."  Jones, 962 F.3d at 1298.  The fact that the charged offense would have triggered penalties changed by the Fair Sentencing Act is irrelevant if the defendant's ultimate statutory penalty was not

3

modified by the Fair Sentencing Act.[1]  See id. at 1301.  Because McCullon's

offense triggered a statutory penalty that was not changed by the Fair Sentencing

Act, he is ineligible for First Step Act relief.

**AFFIRMED.**

---

[1] McCullon also argues that because Jones stated that the district court cannot look to the actual quantity of crack cocaine involved in the violation, the district court here could not have considered the fact that McCullon only possessed 0.15 grams.  But that statement was made in the context of Jones's holding that the only relevant information is whether the amount involved triggered one of the penalties changed by the Fair Sentencing Act.  Jones, 962 F.3d at 1301.  Because McCullon was found guilty of possessing fewer than 5 grams of crack cocaine, his offense did not trigger one of those penalties.