[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13353

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE BURCKS,
a.k.a. Wayne Burkes,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60330-WPD-1

———————————

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Wayne Burcks, a federal prisoner proceeding *pro se*, appeals the district court's denial of his Federal Rule of Criminal Procedure 35 motion to correct an illegal sentence for lack of jurisdiction. He asserts the district court could not *sua sponte* raise the issue of its subject matter jurisdiction, the court erred when it denied his Rule 35 motion, and the Government waived any opposition to his Rule 35 motion by failing to object in the district court. The Government responds by moving for summary affirmance of the district court's order denying Burcks's Rule 35 motion and asserts the district court did not err in concluding it lacked jurisdiction to consider Burcks's motion under both Rule 35, as it was untimely, and under 28 U.S.C. § 2255, as it was an unauthorized successive § 2255 motion.

The Government is entitled to summary affirmance of the district court's order denying Burcks's Rule 35 motion for a lack of subject matter jurisdiction because its position is clearly correct as a matter of law.[1] *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158,

———————————

[1] We review *de novo* whether a district court had the authority to resentence the defendant under Rule 35(a) and § 2255. *United States v. Sjeklocha*, 114 F.3d 1085, 1087 (11th Cir. 1997).

1162 (5th Cir. 1969)[2] (stating summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous").

First, Burcks's Rule 35(a) motion was untimely as it was filed years after the district court imposed his sentence, which was far outside the 14-day window for filing a Rule 35(a) motion. *See* Fed. R. Crim. P. 35(a). The timely filing of a Rule 35(a) motion is a jurisdictional prerequisite, so the district court did not err when it found it lacked jurisdiction to consider Burcks's untimely Rule 35 motion. *See United States v. Phillips*, 597 F.3d 1190, 1196-97 (11th Cir. 2010) (holding the time limitation in Rule 35(a) is jurisdictional, as there is no inherent authority for a district court to modify a sentence).

Second, even construing Burcks's motion as a § 2255 motion, the district court did not err in finding it lacked jurisdiction to consider it because he failed to obtain prior authorization from this Court to file a successive § 2255 motion. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]o file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

the district court to consider it."). Thus, the district court did not have the jurisdiction to consider his construed successive § 2255 motion. *Id.* ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

Burcks's argument the district court erred when it *sua sponte* raised the issue of its subject matter jurisdiction over his motion is without merit because the district court had the duty to ensure it had subject matter jurisdiction and it was permitted to do so *sua sponte*. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (stating a federal court "must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises," as it is "powerless to act beyond its statutory grant of subject matter jurisdiction"). Likewise, because subject matter jurisdiction cannot be waived, the Government did not waive the defense by failing to raise the issue below, and Burcks's argument to the contrary fails. *See United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (stating subject matter jurisdiction cannot be waived).

Therefore, we GRANT the government's motion for summary affirmance of the district court's denial of Burcks's *pro se* Rule 35 motion and DENY as moot its motion to stay the briefing schedule.

**AFFIRMED.**