[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14049
Non-Argument Calendar
_____

D. C. Docket Nos. 05-14043-CV-KMM
and 01-14036-CR-KMM

JAMES HENRY ROBINSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 11, 2007)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner James H. Robinson, proceeding *pro se*, appeals the dismissal of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, and the subsequent denial of his motion to alter or amend the judgment, pursuant to Federal Rule of Civil Procedure 59(e). This Court granted a certificate of appealability on the issues of: (1) whether the Government failed to comply with the sentencing enhancement notice requirements of 21 U.S.C. § 851(a) because it mailed the notice to his counsel's wrong address; and (2) whether his subsequent counsel was ineffective for not objecting to the Government's alleged failure to comply.

In Robinson's § 2255 motion, he argued the district court erred by enhancing his sentence under § 851, but did not allege the Government failed to comply with the notice requirements of § 851(a). Robinson first argued the Government generally failed to comply with § 851(a) notice in a motion to amend his § 2255 motion, filed in connection with a reply brief. The district court never addressed the merits of the motion to amend, but denied the notice argument on the merits, finding the Government did in fact serve Robinson's counsel with notice. Robinson filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), arguing for the first time the Government failed to comply

with the notice requirements of § 851(a) because the Government mailed the notice to the wrong address. The district court denied Robinson's Rule 59(e) motion.

We review the denial of a motion to alter or amend a judgment under Rule 59(e) for an abuse of discretion. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). Rule 59(e) may not be used to raise arguments or present evidence that could have been raised or presented before the entry of judgment. *Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005).

Although neither party raises the issue, we conclude that our review is limited to the district court's denial of Robinson's Rule 59(e) motion because Robinson raised the § 851(a) wrong-address argument for the first time in his Rule 59(e) motion. While Robinson argued before the entry of judgment that Government never served his counsel with notice under § 851(a), Robinson failed to clarify the Government did in fact attempt to serve his counsel, but rather served him at the wrong address. Nothing prohibited Robinson from clearly raising his wrong-address argument before the entry of judgment, and this would have allowed the district court to address the issue. Instead, the district court reasonably assumed Robinson was arguing the Government failed to serve § 851(a) notice on counsel at all, and thus, once the district court confirmed the Government did in fact file the notice and serve it on counsel, there was no further obligation to ensure

3

the notice was mailed to the correct address. Because the district court had no notice of Robinson's wrong-address argument and connected ineffective-assistance-of-counsel claim before the entry of judgment, and Robinson was not permitted to raise the arguments for the first time in his Rule 59(e) motion, we conclude the district court did not abuse its discretion in denying the Rule 59(e) motion. *See Michael Linet, Inc.*, 408 F.3d at 763.

**AFFIRMED.**