[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13791
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:01-cr-14036-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HENRY ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 3, 2011)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

James Henry Robinson appeals pro se the district court's denial of his pro se

motion "Seeking Judicial Review and Determination to Revisit Non Notice Under

21 U.S.C. § 851 Enhancement" and motion for reconsideration. After review, we affirm.

## I. FACTUAL BACKGROUND

### A. Conviction and Sentence

In 2002, Robinson was charged with possession with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One), carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). The government filed a notice pursuant to 21 U.S.C. § 851(a), expressing its intent to seek a sentencing enhancement based on Robinson's 1991 marijuana possession conviction. The certificate of service indicated that the notice was served on Robinson's trial counsel. The district court subsequently dismissed Count Three because Robinson's prior conviction was based on a nolo contendere plea for which adjudication was withheld. After a 2003 trial, the jury convicted Robinson on Counts One and Two.

At sentencing, Robinson's counsel acknowledged that the government had given him a copy of the § 851 notice. Robinson's counsel did not challenge the § 851 notice, the 1991 marijuana conviction or the resulting 20-year mandatory

minimum sentence on Count One.  See 21 U.S.C. § 841(b)(1)(A).  The district court imposed a 240-month sentence on Count One and a consecutive 60-month sentence on Count Two.  On direct appeal, Robinson did not raise any issue as to the § 851 notice or the applicability of the twenty-year mandatory minimum.  This Court affirmed.  See United States v. Robinson, No. 03-11240, 87 F. App'x 713 (11th Cir. Oct. 21, 2003) (unpublished table opinion).

**B.      Section 2255 Motion**

In 2005, Robinson filed a pro se 28 U.S.C. § 2255 motion to vacate his sentence, challenging the application of the § 851 enhancement.  Robinson argued, inter alia, that the government failed to serve the § 851 notice upon his trial counsel and that his trial counsel was ineffective for failing to challenge the enhancement and for not telling Robinson that the § 851 notice had been filed with the court.  The district court denied Robinson's § 2255 motion, concluding, among other things, that Robinson's counsel was served with the § 851 notice and was not ineffective for failing to challenge the sentencing enhancement.

Robinson filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), arguing for the first time that the § 851 notice sent to his trial counsel was mailed to the wrong address and his counsel never received it.  The district court denied the Rule 59(e) motion.  Robinson appealed the denial of

3

his Rule 59(e) motion. A panel of this Court affirmed. See <u>Robinson v. United States</u>, No. 06-14049, 259 F. App'x 170 (11th Cir. Dec. 11, 2007) (unpublished).

**C.    Section 3582(c)(2) Motion**

In 2008, Robinson filed a counseled 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on the amendment to the crack cocaine sentencing guidelines. In his § 3582(c)(2) motion, Robinson urged the district court to consider the adequacy of the § 851 notice. The district court denied the § 3582(c)(2) motion, concluding that Robinson was ineligible for a sentencing reduction. In a motion for reconsideration, Robinson re-argued whether the government complied with § 851(a)'s notice requirements by mailing the § 851 notice to the wrong address. The district court denied the motion for reconsideration. Robinson did not appeal the denial of his § 3582(c)(2) motion.

**D.    <u>Pro Se</u> Motion "To Revisit"**

In 2010, Robinson filed the <u>pro se</u> motion that is the subject of this appeal. Robinson again asked the district court "to revisit" whether the government had complied with § 851(a)'s notice requirements when it sent the § 851 notice to his trial counsel at the wrong address. The district court denied Robinson's <u>pro se</u> motion, noting that Robinson had previously raised the claim in his § 2255 action, specifically in his Rule 59(e) motion for reconsideration, and that both the district

4

court and this Court had rejected it.

The district court denied Robinson's subsequent motion for reconsideration, purported filed pursuant to Rule 59(e). The district court denied the motion as improper, explaining that the Federal Rules of Civil Procedure did not apply in a criminal action. The district court further stated that were the court to reconsider its previous ruling, it would not find any error because (1) the matter was previously litigated on the merits and denied; (2) this Court affirmed the denial; (3) Robinson had not alleged any newly discovered evidence or other circumstances suggesting that a manifest injustice would occur if the decision were not revisited; and (4) the application of res judicata would not be unjust. Robinson filed this appeal.

## II.  DISCUSSION

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c), a district court may modify a sentence only if: (1) the Bureau of Prisons ("BOP") files a motion and certain other conditions are met; (2) a modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) the defendant was sentenced based on a guidelines range that subsequently was lowered by the Sentencing

Commission and other requirements are met.  See 18 U.S.C. § 3582(c); Phillips, 597 F.3d at 1194-95.  Thus, "absent other express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35."  Phillips, 597 F.3d at 1195.  Furthermore, the time for filing a Rule 35 motion is jurisdictional and "outside of Rule 35(c) there exists no 'inherent authority' for a district court to modify a sentence."  Id. at 1196-97 (brackets and footnote omitted); see also United States v. Diaz-Clark, 292 F.3d 1310, 1315-18 (11th Cir. 2002).[1]

Robinson's pro se motion "to revisit" essentially argues that he should be resentenced without the twenty-year mandatory minimum because the government failed to comply with § 851(a)'s notice requirements.  However, Robinson has not identified any applicable statute or rule giving the district court jurisdiction to modify his sentence at this time.

Robinson's pro se motion "to revisit" does not fall within any of the categories of authorized § 3582(c) motions.[2]  The motion was not filed by the BOP or based on a Sentencing Guidelines amendment.  Given that the motion was not

---

[1]We review de novo whether a district court has jurisdiction to modify a defendant's sentence.  Phillips, 597 F.3d at 1194 n.9.

[2]Robinson already filed a § 3582(c) motion raising the adequacy of the § 851 notice, and the district court and this Court denied it.  Thus, even if we were to construe Robinson's pro se motion as a § 3582(c) motion, we would be precluded from addressing the issue by the doctrine of the law of the case.

6

filed within seven days of Robinson's March 2003 sentencing, it was not permitted by Rule 35(a). See Fed. R. Crim. P. 35(a) (2003);[3] Diaz-Clark, 292 F.3d at 1316-17.

Robinson contends that the law of the case doctrine somehow gave the district court inherent authority to revisit its sentencing decision. This Court has held that district courts do not have inherent authority to modify a defendant's sentence. See Diaz-Clark, 292 F.3d at 1315-19.

Further, the district court could not have construed Robinson's pro se motion as a § 2255 motion. Robinson had filed one § 2255 motion already. Under the AEDPA, Robinson was required to seek authorization from this Court that the district court could consider a second § 2255 motion, which he has not done. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); see 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris, 333 F.3d at 1216.

In sum, we conclude that because the district court lacked jurisdiction to modify Robinson's seven-year-old sentence, the district court did not err in denying Robinson's pro se motion "Seeking Judicial Review and Determination to

---

[3]Effective December 1, 2009, Rule 35(a) provides that a court may correct a sentence within fourteen days after sentencing. Even if the 2009 amendment applies in this case, Robinson's motion was filed seven years after his sentencing and well beyond the time provided in either version of Rule 35(a).

Revisit Non Notice Under 21 U.S.C. § 851 Enhancement" or his subsequent

motion for reconsideration.

**AFFIRMED.**