[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10041
Non-Argument Calendar
_____

D.C. Docket No. 2:02-cr-00020-LGW-JEG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN PRESLEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(December 13, 2012)

Before TJOFLAT, MARTIN and FAY, Circuit Judges.

PER CURIAM:

In May 2002, Benjamin Presley pled guilty to two counts of a multi-count indictment: Count Three, distribution of 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and Count Six, possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  In July 2002, the District Court sentenced Presley, a career offender, *see* U.S.S.G. § 4B1.1, to concurrent prison terms of 235 months on Count Three and 120 months on Count Six.

In March 2008, Presley moved the District Court pursuant to 18 U.S.C. 3582(c)(2) to reduce his sentence on Count Three because Amendment 706 to the Sentencing Guidelines, which applied retroactively, reduced the U.S.S.G. § 2D1.1 base offense level for crack offenses.  The court, finding that the new base offense level, 31, was the same as the alternative offense level under the career offender guideline, U.S.S.G. § 4B1.1, determined that the amended guideline sentence range, 31, coupled with a criminal history category of VI, yielded a sentence range of 188 to 235 months' imprisonment.  The court then reduced Presley's Count Three sentence to 188 months' confinement.

In November 2011, Presley again moved the District Court to reduce his Count Three sentence pursuant to § 3582(c)(2), basing his motion on Amendment 750 to the Guidelines, which was retroactive.  The court found that Amendment 750 reduced the Count Three adjusted offense level under § 2D1.1(c) to 30;

2

however, the career offender total offense level remained at 31.  The court

therefore concluded that Amendment 750 did not have the effect of lowering the

Count Three sentence range and denied Presley's motion.  Presley now appeals.

We affirm.

We "review *de novo* a district court's conclusions about the scope of its

legal authority under 18 U.S.C. § 3582(c)(2)."  *United States v. James*, 548 F.3d

983, 984 (11th Cir. 2008).  Although a district court generally cannot modify a

term of imprisonment once it has been imposed, an exception lies in § 3582(c)(2),

where:

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently been
> lowered by the Sentencing Commission pursuant to 28 U.S.C.
> § 994(o) . . . the court may reduce the term of imprisonment, after
> considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent
> that they are applicable, if such a reduction is consistent with
> applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Phillips*, 597 F.3d 1190, 1194-

95, n.10 (11th Cir. 2010).  A reduction of a term of imprisonment is not consistent

with applicable policy statements issued by the Sentencing Commission—and is,

therefore, not authorized under § 3582(c)(2)—if the retroactive amendment does

not have the effect of lowering the guideline sentence range.  U.S.S.G. §

1B1.10(a)(2)(B).  This includes where the amendment "does not have the effect of

3

lowering the defendant's applicable guideline range *because of the operation of another guideline . . . ." United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quotation omitted) (emphasis in original).

In *Moore*, we held that defendants, who originally were sentenced under U.S.S.G. § 4B1.1(b)'s career-offender table, were not eligible for § 3582(c)(2) relief because their sentence ranges were not based on the drug-quantity offense levels that had been lowered by Amendment 706. *Id.* at 1327-30. A career offender's offense level is determined by using either the offense level that would ordinarily apply, or, if it results in a higher offense level, the table in § 4B1.1(b). U.S.S.G. § 4B1.1(b).

A proceeding under § 3582(c)(2) and U.S.S.G. § 1B1.10 does not constitute a full resentencing; the court must maintain all original sentencing determinations with the sole exception of applying the relevant amended guideline sentence range. *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000). A district court engages in a two-part analysis when considering a § 3582 motion for a sentence reduction. *Id.* at 780. First, it recalculates the sentence using the amended sentence range, while maintaining all other guideline applications, to determine the new applicable offense level and sentence range. *Id.* Second, the court, in the exercise of discretion, determines whether to impose the newly

4

fashioned sentence under the amended guideline or retain the original sentence, based on the factors in 18 U.S.C. § 3553(a).  *Id.* at 781.

Amendment 750 to the Sentencing Guidelines revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010.  *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and*  U.S.S.G. App. C, Amend. 759.  Although Amendment 750 reduced the Count Three adjusted offense level under § 2D1.1(c) to 30, the career offender total offense level remained at 31.  Therefore, Amendment 750 did not have the effect of lowering the Count three sentence range.

AFFIRMED.