[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12405
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20879-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO DE JESUS MUNOZ-RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 17, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Antonio Munoz-Rodriguez, a federal prisoner proceeding pro se, appeals the district court's dismissal of his motion to reconsider his sentence for lack of jurisdiction. Munoz-Rodriguez moved to reduce his sentence under 18 U.S.C. § 3582(c), alleging that the district court unconstitutionally increased his mandatory-minimum sentence by sixty months under 18 U.S.C. § 924(c) when it found that he brandished a firearm during his crime. According to Munoz-Rodriguez, the Supreme Court's decision in Alleyne v. United States, 570 U.S. ___, 133 S. Ct. 2151 (2013), makes clear that only a jury may determine facts which increase the mandatory-minimum sentence. Upon review of the record and consideration of the parties' briefs, we affirm.

We review de novo the question of whether the district court has jurisdiction to modify a sentence. See United States v. Phillips, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010). Under § 3582(c), the district court may only modify a sentence in three limited circumstances: (1) on motion of the Bureau of Prisons to reduce a prisoner's remaining time in custody; (2) in the case of a defendant whose guideline range has been lowered by the Sentencing Commission; or (3) to the extent otherwise provided by statute or Federal Rule of Criminal Procedure 35. Rule 35 allows the court to (a) correct an arithmetical, technical, or other clear error within fourteen days of sentencing, or (b) reduce a sentence based on

2

substantial assistance upon the government's motion within one year of sentencing. Fed. R. Crim. P. 35.

The district court lacked jurisdiction to reconsider Munoz-Rodriguez's sentence under § 3582(c).  The motion for reconsideration was not made by the BOP or the government.  Munoz-Rodriguez's motion was brought more than fourteen days after sentencing.  Finally, his motion did not concern a guideline range that had been subsequently lowered by the Sentencing Commission.[1]  Thus, Munoz-Rodriguez's motion was based on an alleged constitutional violation to which § 3582(c) is inapplicable.  See United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000).  As suggested by the district court, his constitutional challenge might be properly made through another procedural vehicle, such as a timely motion under 28 U.S.C. § 2255.  Independent of that possibility, § 3582(c) is not available to Munoz-Rodriguez on his current challenge.

**AFFIRMED.**

---

[1]The United States notes in its brief before this Court that, effective November 1, 2014, Amendment 782 to the Sentencing Guidelines may reduce the base offense level given to Munoz-Rodriguez's sentence from 26 to 24.  See United States Sentencing Guidelines § 2D1.1(c)(8).  While the amendment became effective after the motion at issue here was filed and therefore does not impact our holding in this case, it may offer Munoz-Rodriguez relief in a future motion under § 3582(c)(2).