[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10311
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-20153-JEM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO MARIO VIVES,
a.k.a. Canoso,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 28, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Roberto Mario Vives, a federal prisoner proceeding *pro se* and serving a

total 135-month sentence for cocaine trafficking conspiracy convictions, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines.

At Vives's plea hearing, he agreed that the government could prove at a trial that he was involved in the planned delivery of 300 kilograms of cocaine. The presentence investigation report ("PSI") held him accountable for 483 total kilograms of cocaine, based in part on a 450-kilogram shipment. Prior to sentencing, Vives proposed an amendment to the PSI's factual descriptions of his offense conduct, in which he also acknowledged the 450-kilogram amount. At sentencing, the district court did not make any explicit cocaine-quantity finding, but consistently referenced the 300-kilogram amount in explaining to Vives that he could not contest the facts to which he had agreed to plead guilty. In its later § 3582(c)(2) order, the district court stated that Vives was ineligible for relief under Amendment 782, as his "[l]arge quantity of drugs" kept his base offense level at 38.

On appeal, Vives asserts that the district court at sentencing "overruled" the PSI's higher drug-quantity findings by adopting the lesser 300-kilogram cocaine amount from the factual proffer. Thus, Vives contends he was eligible for a two-level reduction in his offense level under Amendment 782 and that the court failed to properly consider whether such a reduction was warranted in his case.

2

We review *de novo* a district's court's legal conclusions as to the scope of its authority under § 3582(c)(2).  *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008).

Once pronounced, a district court's authority to modify a sentence of imprisonment is narrowly limited by statute.  *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  Nevertheless, a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Where an amendment does not have the effect of lowering a defendant's applicable guideline range, § 3582(c)(2) relief is unauthorized.  *Id.*; U.S.S.G. § 1B1.10(a)(2)(B).

A district court must engage in a two-step analysis when considering a motion for a sentence reduction under § 3582(c)(2).  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  First, the court must determine the sentence it would have imposed given the defendant's amended guideline range and holding all other guideline findings made at the original sentencing hearing constant. *Id.*  Second, the court must consider the factors in 18 U.S.C. § 3553(a) and then determine, in its discretion, whether to reduce the defendant's sentence.  *Id.* at 781; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)).  If a court decides that a defendant is eligible for § 3582(c)(2) relief, it must consider the § 3553(a) sentencing factors

3

and public safety in determining whether such a reduction is warranted, and, if so, to what extent. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009); U.S.S.G. § 1B1.10, comment. (n.1(B)(i), (ii)).

Under the 2005 Sentencing Guidelines, the amount of cocaine necessary to qualify a defendant for a base offense level of 38 is 150 kilograms or more. U.S.S.G. § 2D1.1(a)(3), (c)(1) (2005). Amendment 782 to the Sentencing Guidelines amended § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c). U.S.S.G. App. C, Amend. 782. In pertinent part, Amendment 782 increased the amount of cocaine necessary to qualify for a base offense level of 38 from 150 kilograms or more to 450 kilograms or more. *Compare* U.S.S.G. § 2D1.1(a)(3), (c)(1) (2005), *with* U.S.S.G. § 2D1.1(a)(5), (c)(1) (2014); *see also* U.S.S.G. App. C, Amend. 782. The Amendment likewise increased the amount of cocaine necessary to qualify for a base offense level of 36 from at least 50 kilograms, but less than 150 kilograms, to at least 150 kilograms, but less than 450 kilograms. *Compare* U.S.S.G. § 2D1.1(a)(3), (c)(2) (2005), *with* U.S.S.G. § 2D1.1(a)(5), (c)(2) (2014); *see also* U.S.S.G. App. C, Amend. 782. Amendment 782 became effective on November 1, 2014, and was made retroactive by Amendment 788 as of the same date. U.S.S.G. App. C, Amends. 782 & 788; U.S.S.G. § 1B1.10(d).

Upon review of the entire record and after consideration of the parties'

appellate briefs, we affirm.  Here, by concluding in its order denying Vives's § 3582(c)(2) motion that he was ineligible for relief because the quantity of cocaine attributable to him kept his base offense level at 38, the district court implicitly clarified that its prior drug-quantity finding at the original sentencing hearing was 483 kilograms of cocaine, as reflected in the PSI, rather than the 300-kilogram amount reflected in the government's factual proffer.  Because a 483-kilogram quantity qualifies Vives for the same base offense level of 38 under § 2D1.1, even as revised by Amendment 782, that he was assigned at his original sentencing, the Amendment does not have the effect of lowering his applicable guideline range.  Thus, the court did not err by concluding he was ineligible for § 3582(c)(2) relief, and denying his motion for a sentence reduction on that basis.

**AFFIRMED.**