[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12999
Non-Argument Calendar
_____

D.C. Docket No. 8:08-cr-00024-JSM-AEP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOPE ANTONIO LOPEZ-ORTEGA,
a.k.a. Manuel,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 22, 2016)

Before MARCUS, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Lope Lopez-Ortega, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2)

and Amendment 782 to the sentencing guidelines.    After pleading guilty to

conspiracy to possess aboard a vessel with intent to distribute five kilograms or more of cocaine, the sentencing court adopted the Presentence Investigation Report's ("PSI") facts, which found that Lopez-Ortega was responsible for 6,700 kilograms of cocaine.  The district court then applied a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1).  Lopez-Ortega now argues that: (1) the district court erred in calculating drug quantity and in finding that he was ineligible for a sentence modification; and (2) the district court applied the guidelines as binding, in violation of United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 552 U.S. 85 (2007).  After thorough review, we affirm.

We review de novo a district court's legal conclusions as to the scope of its authority under § 3582(c)(2).  United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008).  Once pronounced, a district court's authority to modify a sentence of imprisonment is narrowly limited by statute.  United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  Nevertheless, a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Any reductions, however, must be "consistent with applicable policy statements issued by the Sentencing Commission."  Id.  The applicable policy statement, found in § 1B1.10, provides that where an amendment does not have the effect of lowering a defendant's

2

applicable guideline range, § 3582(c)(2) relief is unauthorized. U.S.S.G. § 1B1.10(a)(2)(B); see also Jones, 548 F.3d at 1368-69 (holding that the district court did not err in denying the defendant's § 3582(c)(2) motion because he was sentenced based on a large quantity of drugs that left his base offense level unchanged after the amendment). A § 3582(c)(2) proceeding does not constitute a de novo resentencing and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000) (emphasis omitted) (holding that the district court lacked jurisdiction to consider the defendant's Eighth Amendment claim because it was an extraneous resentencing issue).

We have rejected the argument that Booker and Kimbrough apply to § 3582(c)(2) proceedings. United States v. Melvin, 556 F.3d 1190, 1192-94 (11th Cir. 2009); see also Dillon v. United States, 560 U.S. 817, 829-30 (2010) (rejecting the application of Booker to § 3582(c)(2) proceedings). We held that district courts continue to be bound by the limitations on their discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission. Melvin, 556 F.3d at 1190.

Amendment 782 to the Sentencing Guidelines amended § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c). U.S.S.G. App. C, Amend. 782. From

1998 to 2014, the amount of cocaine necessary to qualify for a base offense level of 38 increased from 150 kilograms or more to 450 kilograms or more. Compare U.S.S.G. § 2D1.1(a)(3), (c)(1) (1998), with U.S.S.G. § 2D1.1(a)(5), (c)(1) (2014); see also U.S.S.G. App. C, Amend. 782. Amendment 782 became effective on November 1, 2014, and was made retroactive by Amendment 788 as of the same date. U.S.S.G. App. C, Amends. 782 & 788.

Here, the district court did not err in determining that Lopez-Ortega was ineligible for a sentence reduction because Amendment 782 did not lower his applicable guideline range. See Jones, 548 F.3d at 1368-69. The sentencing court adopted the PSI's finding that he was responsible for 6,700 kilograms of cocaine, which is well above the new drug quantity requirement for base offense level 38. See U.S.S.G. § 2D1.1(c)(1). Therefore, because Amendment 782 did not lower his applicable guideline range, § 3582(c)(2) relief was not authorized. See U.S.S.G. § 1B1.10(a)(2)(B). Furthermore, his challenge regarding Booker and Kimbrough has been foreclosed by precedent holding that neither Booker nor Kimbrough apply to § 3582(c)(2) motions. See Dillon, 560 U.S. at 829-30; see also Melvin, 556 F.3d at 1192-94. Finally, his assertion that the sentencing court violated the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000) when it utilized a drug quantity that was not submitted to the jury is a challenge to the underlying findings of the sentencing court. Because a § 3582(c)(2) proceeding does not constitute a

4

de novo resentencing, the district court lacked jurisdiction to consider his Apprendi

challenge in his § 3582(c)(2) motion.  See Bravo, 203 F.3d at 782.

    **AFFIRMED.**