[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13950
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00188-RBD-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMIS ULISES MOKAY-FONG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 21, 2016)


Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Demis Mokay-Fong, a federal prisoner proceeding *pro se*, appeals the district court's denial of its *sua sponte* 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines.  On appeal, Mokay-Fong contends that the district court should have re-calculated the quantity of drugs for which Mokay-Fong was held accountable at sentencing and that, had Mokay-Fong been held accountable for methamphetamine mixture (like his co-defendant), he would have qualified for a sentence reduction under Amendment 782.  After review,[1] we affirm.

Because Mokay-Fong did not argue before the district court that his drug quantity was miscalculated, we review for plain error.  *See Moreno*, 421 F.3d at 1220.  Regardless, the district court did not err because a district court may not reconsider other sentencing determinations in an 18 U.SC. § 3582(c)(2) proceeding.  *See United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) ("Section 3582(c) . . . does not grant to the court jurisdiction to consider extraneous resentencing issues . . . .  [A defendant] must instead bring such a collateral attack on his sentence under 28 U.S.C. § 2255.").  Mokay-Fong was held responsible for the equivalent of 114,253.6 kilograms of marijuana—well above the amended minimum amount for a base offense level of 38.  *See* U.S.S.G. § App. C, Amend.

---

[1] We review *de novo* the district court's conclusions concerning the scope of its authority under § 3582(c)(2).  *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010).  When an appellant failed to raise an issue before the district court, however, we review for plain error. *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

782.  Because the amendment would not have lowered Mokay-Fong's guideline range, the district court was not empowered to grant Mokay-Fong any relief and therefore did not err.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B); s*ee also Phillips*, 597 F.3d at 1194–95 ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").

**AFFIRMED.**