[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17234
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20616-JIC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL BURKE,
a.k.a. David Middleton,
a.k.a. James Duncan,
a.k.a. Donald Brown,
a.k.a. Dr. Jeffrey Burke,

Defendant-Appellant.


_____

No. 17-11257
Non-Argument Calendar
_____

D.C. Docket No.  1:13-cr-20616-JIC-2

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

                              versus

VICKI GARLAND,
a.k.a. Vickie Garland,
a.k.a. Felicia Middleton,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(February 20, 2018)

Before TJOFLAT, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

A jury found Darryl Burke and Vicki Garland guilty of one count of conspiracy to commit bank and wire fraud, in violation of 18 U.S.C. § 1349, and three counts of bank fraud, in violation of 18 U.S.C. § 1344. We affirmed their convictions on direct appeal. *United States v. Burke*, 645 F. App'x 883 (11th Cir. 2016). Burke and Garland, proceeding *pro se*, now appeal two District Court orders: one denying their consolidated Federal Rule of Criminal Procedure 33

motion[1] for a new trial and the other denying their motion for reconsideration[2] of that order.  We affirm the District Court's decisions.

## I.

## A.

Burke and Garland first argue that they are entitled to a new trial because a juror evaded or gave false answers during *voir dire* regarding whether she had ever been in mortgage foreclosure litigation.

We review a district court's denial of a new trial based on juror misconduct during *voir dire* for abuse of discretion.  *United States v. Quilca-Carpio*, 118 F.3d 719, 722 (11th Cir. 1997).  To obtain a new trial based on a juror's failure to disclose information, the moving party must demonstrate that (1) a juror failed to answer honestly a material question on *voir dire* and (2) a correct response would have provided a valid basis for a challenge for cause.  *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556, 104 S. Ct. 845, 850 (1984).  The second prong requires proof of actual bias.  *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1473 (11th Cir. 1992).  Bias may be shown either by express admission or by proof of specific facts showing such a close connection to

---

[1] Rule 33 allows courts to "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).

[2] Although the Federal Rules of Criminal Procedure do not expressly provide for motions for reconsideration, the Supreme Court and this Court have nonetheless permitted them.  *United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010).

the circumstances at hand that bias must be presumed. *United States v. Carpa*, 271 F.3d 962, 967 (11th Cir. 2001). District courts are not obligated to investigate allegations of juror misconduct absent "clear, strong, substantial and incontrovertible evidence" that the jury committed an impropriety that might undermine the verdict. *United States v. Cuthel*, 903 F.2d 1381, 1383 (11th Cir. 1990) (internal quotation marks omitted).

The District Court did not abuse its discretion in denying Burke and Garland's consolidated motion for new trial based on alleged juror misconduct. The records relied upon by Burke and Garland do not prove the juror was in or had experienced mortgage foreclosure litigation at or before the time of Burke and Garland's trial. Further, assuming *arguendo* that the juror did not provide accurate answers during *voir dire*, Burke and Garland failed to demonstrate her actual bias. They allege that the juror was in mortgage foreclosure litigation with a bank that was also mentioned in Burke's indictment, and so the juror may have felt that Burke and Garland's actions contributed to her situation. They also allege in conclusory fashion that the bank forgave the juror of her debt after they were convicted, proving the motive for her bias. This all falls short of proving actual bias. *See Carpa*, 271 F.3d at 967. Therefore, Burke and Garland failed to prove a valid basis to strike the juror for cause and accordingly were not entitled to a new

4

trial based on juror misconduct.  *See McDonough Power*, 464 U.S. at 556, 104 S. Ct. at 850.

B.

Burke and Garland next argue that the District Court abused its discretion in denying their consolidated motion for new trial based on alleged newly discovered evidence that impeached several witnesses' testimony.

We review a district court's denial of a motion for new trial based on newly discovered evidence for an abuse of discretion.  *United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003).  Notably, motions for a new trial are highly disfavored, and district courts should use great caution in granting a new trial motion based on newly discovered evidence.  *Id*.  To merit a new trial based on newly discovered evidence, the defendant must show that:

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*Id*.  Failure to meet any one of these elements will defeat a motion for new trial. *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995).

The District Court did not abuse its discretion in denying Burke and Garland's consolidated motion for new trial based on alleged newly discovered evidence that impeached several witnesses' testimony.  The accuracy and

5

authenticity of many of the documents submitted in support of the motion for new trial were dubious.[3]  Even if the documents were accurate, the issues that the documents allegedly demonstrated were part of Burke and Garland's trial defense, and, therefore, amount to cumulative and impeachment evidence, which does not warrant a new trial.  *See United States v. Hirst*, 668 F.2d 1180, 1185 (11th Cir. 1982).  Burke and Garland also failed to adequately demonstrate that they could not have discovered the documents with due diligence prior to trial.  The materials attached to their consolidated new trial motion were predominantly public records published prior to trial.  Furthermore, the evidence of Burke and Garland's guilt was overwhelming.  Thus, even with their alleged newly discovered evidence, Burke and Garland would not have a reasonable probability of producing a different result in a subsequent trial.  *See id.*; *Jernigan*, 341 F.3d at 1287.

## C.

Third, Burke and Garland argue that the District Court abused its discretion in denying their consolidated motion for new trial based on alleged *Brady*[4] and *Giglio*[5] violations.

---

[3] That is, because Burke and Garland engaged in a fraudulent scheme, many of the documents they used as proof of error contain traces of their fraud.

[4] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

[5] *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763 (1972).

6

We review a district court's denial of a new trial based on alleged prosecutorial misconduct for abuse of discretion. *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002). To obtain a new trial on the basis of a *Brady* violation, the defendant must show that:

> (1) the government possessed evidence favorable to the defendant; (2) the defendant does not possess the evidence and could not obtain the evidence with any reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defendant, there is a reasonable probability that the outcome would have been different.

*Id*. at 1164.

The District Court did not abuse its discretion in denying Burke and Garland's consolidated motion for new trial based on alleged *Brady* and *Giglio* violations. The accusations that the Government introduced false documents before the grand jury and at trial, failed to disclose that a Government witness had made false representations in her bankruptcy proceeding, and knowingly allowed this witness to testify falsely about her bankruptcy at trial did not amount to actual misconduct. The Government introduced documents containing false information because they were obtained via the search warrant from Burke's residence, and the trial was about a fraud largely perpetrated through the use of falsified documents. Burke and Garland's after-the-fact explanations for the truth of certain bank and mortgage records over others do not support a finding of prosecutorial misconduct.

7

Also, Burke and Garland's claims regarding the Government's nondisclosure of one of its witness's bankruptcy court records and concealment of this witness's representations to the bankruptcy court after trial did not constitute *Brady* violations because the evidence, if disclosed, would not have with "reasonable probability" led to a different result. *See id.*; *see also United States v. Bagley*, 473 U.S. 667, 678, 105 S. Ct. 3375, 3381 (1985) (noting that a *Brady* error occurs "only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial"). Further, the speculative allegation that the Government reached an undisclosed agreement with this witness does not rise to the level of a *Brady* violation.[6] Finally, as to the argument that the Government violated *Giglio* by knowingly allowing this witness to testify falsely about her bankruptcy at trial, Burke and Garland failed to prove that any of the witness's trial testimony about her bankruptcy was actually false. *See Giglio*, 405 U.S. at 153, 92 S. Ct. at 766.

---

[6] Burke and Garland contend there was a "tacit" agreement between the Government and one of its witnesses not to disclose a number of "benefits" the witness would later receive in her bankruptcy proceeding for testifying. Burke and Garland, however, present only speculation that such an agreement was formed. *Cf. United States v. Calderon*, 127 F.3d 1314, 1352–54 (11th Cir. 1997) (affirming the denial of a new trial motion based on "totally unsubstantiated" allegations of a "clandestine" meeting between the judge, jury foreman, prosecutor, and two defendants).

D.

Burke and Garland additionally argue that the District Court abused its discretion in denying their request for an evidentiary hearing on the claims raised in their motion for new trial.

We review a district court's decision concerning whether to hold an evidentiary hearing for an abuse of discretion. *United States v. Massey*, 89 F.3d 1433, 1443 (11th Cir. 1996). We have noted that an evidentiary hearing is not required if, as here, the record contains all of the evidence needed to dispose of each of the grounds asserted as the basis for a new trial. *United States v. Scrushy*, 721 F.3d 1288, 1305 n.30 (11th Cir. 2013). Whether to hold an evidentiary hearing is a decision within the district court's sound discretion. *United States v. Slocum*, 708 F.2d 587, 600 (11th Cir. 1983).

The District Court here, given its acumen gained over the course of proceedings and given the evidence on record, acted within its sound discretion in not holding an evidentiary hearing on the claims raised in Burke and Garland's new trial motion.

E.

Finally, Burke and Garland argue that the District Court abused its discretion in denying their consolidated motion for new trial and their motion for reconsideration because it failed to resolve the merits of all the claims presented in

9

the motions, in violation of *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc). They argue that the Court was required to address each of their claims independently. *Clisby*, however, held only that district courts must resolve all claims *in a 28 U.S.C. § 2254 habeas petition*, as failing to do so presents certain federalism and comity problems. *See* 960 F.2d at 934–38. Further, here the District Court nonetheless provided thorough and complete orders denying Burke and Garland's motions for new trial and for reconsideration.

## II.

Accordingly, we affirm the District Court's denial of Burke and Garland's consolidated motion for new trial and their motion for reconsideration.

**AFFIRMED.**

10