[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10818
Non-Argument Calendar
_____

D.C. Docket No. 9:99-cr-00367-JDW-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAODE NASIRUN,

Respondent-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 25, 2019)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Laode Nasirun appeals the denial of his motion to reduce his sentence under

18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines

("Guidelines"), which the district court construed as a motion for reconsideration of its earlier order denying his initial motion for § 3582(c)(2) relief based on the same ground. Mr. Nasirun argues that the court incorrectly applied Amendment 782 and miscalculated his amended guideline range. He also argues that the court should have used its discretion to reduce his sentence. After careful consideration of the parties' briefs and the record, we affirm.[1]

Mr. Nasirun was convicted in 2002 on four criminal counts related to the importation and intended distribution of cocaine. At sentencing, the district court held him accountable for 285 kilograms of cocaine. Pursuant to the 2001 version of the Guidelines, Mr. Nasirun received a base offense level of 38, based on his responsibility for more than 150 kilograms of cocaine. He also received three sentence enhancements, resulting in an adjusted offense level of 46. Because this calculation exceeded the maximum possible offense level of 43, it was treated as an offense level of 43. *See* U.S. Sentencing Guidelines Manual ch. 5, pt. A, cmt. n.2 (2001). Thus, pursuant to the 2001 Guidelines—which were then mandatory—Mr. Nasirun's guideline range was life imprisonment.

---

[1] Mr. Nasirun argues that the district court erred in construing his second § 3582(c)(2) motion as a motion for reconsideration. The government responds that we should not consider Mr. Nasirun's appeal because the district court lacked jurisdiction to consider an untimely motion for reconsideration. Because the results for Mr. Nasirun are the same under any construction—he is not entitled to relief—we proceed as though this were an appeal of a successive § 3582(c)(2) motion. *See United States v. Caraballo-Martinez*, 866 F.3d 1233, 1245–47 (11th Cir. 2017).

In March of 2015, Mr. Nasirun filed a pro se § 3582(c)(2) motion for reduction of sentence based on Amendment 782, arguing that it lowered his total offense level by 2 and resulted in a guideline range of 120 months' imprisonment. He asked the district court to use its discretion to reduce his sentence below the guideline range. The district court ultimately denied his motion, concluding that application of a 2-level reduction pursuant to Amendment 782 would result in a total offense level of 44 and, still, a guideline range of life imprisonment.[2]

In February of 2018, Mr. Nasirun again filed a motion for relief pursuant to Amendment 782. The district court construed this filing as a motion for reconsideration of its ruling on the initial § 3582(c)(2) motion, and denied relief.

"In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. We review de novo questions of statutory interpretation." *United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010) (quoting *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008)). If § 3582(c)(2) applies, we review a district court's decision to grant or deny a sentence reduction only for abuse of discretion. *See United States v. Hamilton*, 715 F.3d 328, 337 n.8 (11th Cir. 2013).

---

[2] In its initial order, the district court erroneously determined that Mr. Nasirun was accountable for 470 kilograms of cocaine and concluded that his base offense level remained as 38. On Mr. Nasirun's motion for reconsideration and/or clarification, the court granted the motion in part to correct these errors.

A district court may modify a term of imprisonment in certain situations. One of these is when a defendant's sentence was based on a range that was subsequently lowered by the Sentencing Commission (the "Commission"). *See* 18 U.S.C. § 3582(c)(2). Reductions must be consistent with the Commission's policy statements. *Id.* When considering a § 3582(c)(2) motion, a court must first recalculate the guideline range under the amended guidelines. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). In doing so, the court may only substitute the amended Guideline and must keep intact all other guideline decisions made during the original sentencing. *See id.* A defendant is eligible for a sentence reduction under § 3582(c)(2) only when an amendment listed as retroactive in U.S.S.G. § 1B1.10(d) lowers the guideline range as it was calculated by the sentencing court. *See* U.S.S.G. § 1B1.10(d), cmt. n.1(A).

Amendment 782 became effective on November 1, 2014, and was made retroactive by Amendment 788 on the same date. *See* U.S.S.G. App. C, Amend. 782 & 788; U.S.S.G. § 1B1.10(d). Amendment 782 revised the Drug Quantity Table in § 2D1.1(c), and, in pertinent part, raised the drug quantity required to receive an offense level of 38 from 250 or more kilograms of cocaine to 450 or more kilograms of cocaine. Quantities under 450 kilograms of cocaine now receive an offense level of 36. *Compare* U.S.S.G. § 2D1.1(c)(1) (2013), *with* § 2D1.1(c). *See also* U.S.S.G. App. C, Amend. 782.

The district court did not abuse its discretion in denying relief to Mr. Nasirun because Amendment 782 does not ultimately lower his guideline range, and that renders him ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10, cmt. n.1(A). The court properly determined that, although Amendment 782 lowered Mr. Nasirun's base offense level from 38 to 36, his guideline range was unaffected because his total offense level of 44 (based on the reduced base offense level plus the enhancements) still established a guideline range of life imprisonment. *See Bravo*, 203 F.3d at 780.

Furthermore, under the circumstances, the district court did not have the discretion to reduce Mr. Nasirun's sentence under the factors set forth in 18 U.S.C. § 3553(a) or pursuant to the Sentencing Commission's policies regarding inmate overpopulation. The court was required to leave intact the enhancements that Mr. Nasirun received in his original sentencing hearing, and that rendered him ineligible for relief under § 3582(c)(2). *Id.*

For the foregoing reasons, we affirm.

**AFFIRMED.**