**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN VINCENT HUNT,

    Defendant - Appellant.

No. 19-1075
(D.C. No. 1:06-CR-00155-DME-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Stephen Vincent Hunt appeals pro se from a district court order that denied his

motion to modify his sentences for using a firearm during a violent crime. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

In May 2007, Hunt was indicted on six counts of armed bank robbery, in violation of 18 U.S.C. § 2113, and six counts of using or carrying a firearm during a violent crime, in violation of 18 U.S.C. § 924(c). A jury found him guilty on all counts.

In November 2007, the district court sentenced Hunt to 1,760 months in prison. Only 140 months of that term resulted from Hunt's bank-robbery convictions, which were all run concurrently to each other. Although Hunt's first firearm conviction, which involved his discharge of a handgun inside a bank, resulted in a consecutive 120-month sentence, *see* § 924(c)(1)(A)(iii); (D)(ii), the remaining 1,500 months of Hunt's sentence resulted from then-existing language in § 924(c)(1)(C) addressing "second or subsequent [§ 924(c)] conviction[s]." Specifically, that statutory provision, as applicable here, prescribed a 25-year (300-month) sentence for each of Hunt's five remaining firearm convictions, *see id.* § 924(c)(1)(C)(i) (2006), and was subject to § 924(c)(1)(D)(ii)'s directive that all § 924(c) sentences be imposed consecutive to any other sentence.[1]

---

[1] At the time of Hunt's sentencing, § 924(c) provided, in relevant part:

(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence[,] . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . .
    (i) be sentenced to a term of imprisonment of not less than 5 years;
    (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
    (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

In December 2018, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, limiting the application of § 924(c)(1)(C).[2] Instead of automatically triggering a 25-year sentence for a second or subsequent § 924(c) conviction, § 403(a) of the First Step Act requires the existence of "a prior [§ 924(c)] conviction . . . [that] has

---

> . . . .
> (C) In the case of *a second or subsequent conviction under this subsection*, the person shall—
>> (i) be sentenced to a term of imprisonment of not less than 25 years[.]
>> . . . .
> (D) Notwithstanding any other provision of law—
>> . . . .
>> (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

18 U.S.C. § 924(c)(1) (2006) (emphasis added).

[2] Section 403 of the First Step Act provides:

> [§] 403. CLARIFICATION OF SECTION 924(C) OF TITLE 18, [U.S.C.]
>
> (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".
>
> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act [December 21, 2018], if a sentence for the offense has not been imposed as of such date of enactment.

132 Stat. at 5221-22.

become final," 132 Stat. at 5221-22.  Thus, because of the First Step Act, § 924(c)(1)(C) now reads:  "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall—(i) be sentenced to a term of imprisonment of not less than 25 years . . . ."  Section 403(b) of the First Step Act includes an application note for "pending cases," explaining that the § 924(c) amendments "shall apply to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*."  132 Stat. at 5222 (emphasis added).

After the Act's passage, Hunt sought an 18 U.S.C. § 3582(c)(1)(B) sentence modification,[3] arguing that the First Step Act effectively negated his second or subsequent § 924(c) sentences, because when he was sentenced in 2007, he did not have a final prior § 924(c) conviction.  The district court denied relief, reasoning that the First Step Act did not apply retroactively to his sentences.

## DISCUSSION

We review de novo the district court's determination that Hunt is ineligible for a § 3582(c)(1)(B) sentence modification.  *See United States v. Phillips*, 597 F.3d 1190, 1194 n.9 (11th Cir. 2010); *cf. United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008) (reviewing de novo the scope of the district court's resentencing authority).  In

---

[3] Section 3582(c)(1)(B) provides that a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

4

conducting our review, we liberally construe Hunt's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

We start from the presumption that a law operates prospectively, absent a clear expression to the contrary. *See De Niz Robles v. Lynch*, 803 F.3d 1165, 1169-70 (10th Cir. 2015). Hunt argues that the First Step Act's changes to § 924(c)(1)(C) retroactively apply to his firearm sentences because Congress used the term "clarification" in § 403's heading: "CLARIFICATION OF SECTION 924(C)," 132 Stat. at 5221. Granted, Congress's use of that term can indicate retroactive application. *See Dobbs v. Anthem Blue Cross & Blue Shield*, 600 F.3d 1275, 1282 (10th Cir. 2010) (stating that "a true clarification applies retrospectively"). But a true clarification merely clarifies existing law, it does not change the substantive law. *See id.* As discussed above, § 403(a) of the First Step Act changed the substantive sentencing law for § 924(c) convictions by removing the automatic imposition of a 25-year sentence for a second or subsequent § 924(c) conviction, and instead conditioning such a sentence on the existence of a prior final § 924(c) conviction. Thus, the fact that Congress used the "clarification" label in § 403's heading does not clearly indicate Congress's intent regarding retroactivity, because the First Step Act's amendments to § 924(c) were substantive, rather than clarifying.

Moreover, "section headings cannot limit the plain meaning of a statutory text." *Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883, 893 (2018); *see also Johnston v. Comm'r*, 114 F.3d 145, 150 (10th Cir. 1997) (stating that "the title to a statutory provision is not part of the law itself," and can be used "only to clarify an

5

ambiguous statute, not to create an otherwise nonexistent conflict"). In § 403(b) of the

First Step Act, Congress plainly addressed subsection (a)'s retroactivity, strictly limiting

its backward reach to those offenses "committed before the date of enactment" for which

"a sentence . . . has not been imposed as of" that date. 132 Stat. at 5222. Hunt's § 924(c)

sentences, which were imposed before the First Step Act's enactment, do not meet that

requirement.

To the extent Hunt argues that § 403(b) has no effect on § 403(a), he is mistaken.

Subsection (b) states that it applies to "[t]his section, and the amendments made by this

section." *Id.* The phrase, "[t]his section," includes its attendant subsections—(a) and (b).

And the only amendments made by "section" 403 are those in subsection (a). Thus,

subsection (b) limits the retroactive reach of subsection (a).

"It is well established that when the statute's language is plain, the sole function of

the courts—at least where the disposition required by the text is not absurd—is to enforce

it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (internal

quotation marks omitted). The language of § 403 of the First Step Act plainly does not

reach § 924(c)(1)(C) sentences like Hunt's, which were imposed before the Act was

enacted.[4]

---

[4] Because the meaning of the First Step Act is clear, we do not examine its legislative history to ascertain congressional intent. *See Dutcher v. Matheson*, 840 F.3d 1183, 1201 n.9 (10th Cir. 2016).

## CONCLUSION

We affirm the district court's order denying Hunt's motion for sentence modification.

Entered for the Court


Jerome A. Holmes
Circuit Judge