[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11699

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JONAS MICHEL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80015-AMC-1

_____

Before NEWSOM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Jonas Michel, proceeding *pro se*, appeals the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Part A of Amendment 821 to the United States Sentencing Guidelines, a retroactive amendment eliminating or reducing criminal history status points for certain offenders. He argues that the district court abused its discretion in denying him a sentence reduction because it: (1) failed to justify the increased upward variance resulting from his reduced Guidelines range; (2) failed to cite the United States Sentencing Commission's policy reasons for Amendment 821; (3) relied on criminal history already reflected in his Guidelines range; and (4) did not mention his history of mental health issues and substance abuse or his efforts at rehabilitation in declining to reduce his sentence. After thorough review, we affirm.

We review *de novo* the district court's legal determination of whether a defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). However, we review the decision to grant or deny an eligible defendant's request for a sentence reduction for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant

factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotations omitted). An appellant abandons a claim when he "does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims," makes it only in a passing reference, or addresses it in a perfunctory manner without reasoning or citations to authorities in support. *Sapuppo v. Allstate Floridian Ins., Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations omitted).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* To obtain a reduction in a term of imprisonment based on an amendment to the Guidelines, the relevant amendment must be listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(1). Because it is listed in § 1B1.10(d), Part A of Amendment 821 to the Guidelines may serve as the basis for a sentence reduction. *Id.* § 1B1.10(c).

Courts must follow a two-step inquiry to evaluate a motion for a sentence reduction. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). First, the court must recalculate the Guidelines range under the amended Guidelines to determine whether a retroactive amendment lowered the defendant's Guidelines range, then decide whether relief would be consistent with the applicable policy statement. *Id.* Second, if a defendant is eligible for relief, the

court must consider the 18 U.S.C. § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." *Id*.; U.S.S.G. § 1B1.10, comment. (n.1(B(ii))). The § 3553(a) factors include: (1) the history and characteristics of the defendant; (2) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (3) the need for adequate deterrence; (4) the need to protect the public from further crimes; (5) the Guidelines range; and (6) any pertinent policy statement from the Sentencing Commission. 18 U.S.C. § 3553(a)(1), (a)(2), (a)(4)(A), (a)(5).

The district court has wide discretion to conclude that the § 3553(a) factors justify an upward variance from the Guidelines range, including factors already incorporated when calculating the Guidelines range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010), *abrogated on other grounds by Van Buren v. United States*, 593 U.S. 374 (2021). In the context of an original sentencing proceeding, a substantial variance should be supported by a more significant justification than a lesser one. *Gall v. United States*, 552 U.S. 38, 50 (2007). But "[t]he district court is not required to articulate the applicability of each factor, as long as the record as a whole demonstrates that the pertinent factors were taken into account by the district court." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotations omitted). Thus, a sentencing court's failure to specifically mention certain mitigating factors does not compel the conclusion that a sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable.

*United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).  Generally, "[t]he discretion federal judges hold at initial sentencings also characterizes sentencing modification hearings."  *Concepcion v. United States*, 597 U.S. 481, 492 (2022).  So, when applying the § 3553(a) factors, the district court need only articulate a brief statement of reasons for its decision, considering all nonfrivolous arguments, but may "dismiss arguments that it does not find compelling without a detailed explanation."  *Id.* at 495, 501.

However, a § 3582(c)(2) proceeding is not plenary or *de novo* sentencing.  *United States v. Phillips*, 597 F.3d 1190, 1198 (11th Cir. 2010).  Congress authorized only limited adjustments to a final sentence under § 3582(c)(2).  *Chavez-Meza v. United States*, 585 U.S. 109, 115 (2018).  The denial of a § 3582(c)(2) motion does not produce a different sentence in light of the reduced Guidelines range or even reimpose the original sentence but merely provides that the original sentence continues unreduced.  *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1245–46 (11th Cir. 2017).  Given the limited scope of § 3582(c)(2) proceedings, the district court does not impose a new sentence by denying a § 3582(c)(2) motion but only by granting one.  *Id.* at 1246.

The district court is commanded by Congress to consider the Guidelines, which represent "an accumulation of knowledge and experience" and were promulgated over time by an expert agency with a statutory charge.  *United States v. Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006).  Consideration of the Guidelines range is important because the Guidelines are an important tool in

accomplishing a Congressional mandate in federal sentencing -- promoting uniformity -- and a district court must give the Guidelines range "real weight" in imposing a sentence. *Irey*, 612 F.3d at 1217 (quotations omitted). The "advisory guidelines range is but one of many considerations" a sentencing court must take into account when sentencing a defendant, and we have "not attempted to specify any particular weight that should be given to the guidelines range, and . . . rejected any across-the-board prescription regarding the appropriate deference to give the Guidelines." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015) (quotations and citation omitted). Still, the Guidelines are "the starting point and the initial benchmark" in determining an appropriate sentence. *Gall*, 552 U.S. at 49; *see also United States v. Pugh*, 515 F.3d 1179, 1200 (11th Cir. 2008) (vacating a sentence of probation where the district court failed to give "real weight" to the Guidelines imprisonment range of 97 to 120 months). And "§ 3582(c)(2) allows district courts to reconsider a prisoner's sentence based on a new starting point -- that is, a lower Guidelines range -- and determine whether a reduction in the prisoner's sentence is appropriate." *Hughes v. United States*, 584 U.S. 675, 686 (2018).

Section 4A1.1(d) formerly provided that a person received two criminal history points if he committed the instant offense while under any criminal justice sentence. U.S.S.G. § 4A1.1(d) (2021). As amended on November 1, 2023, § 4A1.1(e) now provides that a defendant receives only one criminal history point if he committed the instant offense while under a criminal justice sentence -- including supervised release -- and otherwise received

seven or more points under § 4A1.1 (a) through (d). *Id.* § 4A1.1(e) (2023); *id.*, App. C, Amend. 821, pt. A. In implementing this change, the Sentencing Commission noted that "updated research suggest[ed] that status points' ability to predict future recidivism -- a core justification for their use -- may be less than the original Commission may have expected." U.S. Sentencing Comm'n, Amendment to the Sentencing Guidelines (Aug. 31, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf.

A criminal history score between four and six establishes a criminal history category of III, whereas a criminal history score between seven and nine establishes a criminal history category of IV. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table. A criminal history category of III and an offense level of 12 yields a Guidelines range of 15 to 21 months' imprisonment. *See id.*

Here, the district court did not abuse its discretion in determining that Michel was not entitled to a sentence reduction. First, the district court correctly determined that Michel was "eligible for relief" because Amendment 821 reduced his Guidelines range. That is to say, Part A of Amendment 821 retroactively reduced Michel's criminal history points from 8 to 6 because he would no longer receive any status points, thereby decreasing his criminal history category from IV to III and reducing his Guidelines imprisonment range from 21 to 27 months to 15 to 21 months. 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(d); *id.*, App. C, Amend. 821, pt. A; *id.* § 4A1.1(e) (2023); *id.*, Ch. 5, Pt. A, Sentencing Table. The district

court then proceeded directly to the § 3553(a) analysis at the second step, finding that the sentencing factors weighed against a sentence reduction.  In recognizing that Amendment 821 lowered Michel's range and made him eligible for a sentence reduction and in noting that it had reviewed the full record, expressly including Michel's motion that cited his new Guidelines range of 15 to 21 months' imprisonment, the district court implicitly considered the lowered Guidelines range -- an approach that Michel does not take issue with on appeal.  *See Sapuppo*, 739 F.3d at 681.

As for Michel's broad claim that the district court improperly weighed the § 3553(a) factors in denying him relief, we disagree. As the record reflects, the district court's decision concerning the § 3553(a) factors offered several specific reasons for denying a sentence reduction -- including Michel's extensive criminal history, the need to afford specific deterrence and prevent future crimes by Michel, and the need to promote respect for the law. *See* 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10, comment. (n.1(B(ii))).  This discussion was more than sufficient since the district court was not required to cite every § 3553(a) factor in its decision as long as the record shows that it considered the pertinent factors, as it does here.  *See Hughes*, 584 U.S. at 686; *Concepcion*, 597 U.S. at 492; *Williams*, 557 F.3d at 1256.

As for Michel's argument that the district court was required to offer a greater justification in denying his § 3582(c)(2) motion because the size of the resulting upward variance increased with the reduction of his Guidelines range, it is without merit.  The

district court's denial of Michel's § 3582(c)(2) motion, even in light of his reduced Guidelines range, did not impose a new sentence requiring full justification. *See Caraballo-Martinez*, 866 F.3d at 1245–46. Indeed, the principle that a large variance must be supported by more reasoning than a small one is drawn from the context of sentencing proceedings, not § 3582(c)(2) proceedings -- which at most authorize a *limited* adjustment to a final sentence and do not constitute a *de novo* sentencing. *See Gall*, 552 U.S. at 50; *Phillips*, 597 F.3d at 1198; *Chavez-Meza*, 585 U.S. at 115. In other words, the district court's denial of Michel's § 3582(c)(2) motion was merely a refusal to make a limited adjustment to his existing sentence and did not amount to an abuse of discretion. *See Caraballo-Martinez*, 866 F.3d at 1238.

As for Michel's argument that his criminal history points already took into account his adult criminal conduct so the district court erred in relying on his criminal history as a reason to deny relief, we are also unpersuaded. Under our case law, the district court is not barred from considering factors already incorporated into the Guidelines range, and Michel's criminal history was one of the § 3553(a) factors it was directed to consider. *See* 18 U.S.C. § 3553(a)(1); *Rodriguez*, 628 F.3d at 1264. Michel also claims that the district court failed to acknowledge the Sentencing Commission's finding that criminal status points have little predictive value in analyzing an offender's risk of rearrest or to apply this finding to his case, but the district court was not required to take into account the Sentencing Commission's published explanation for an amendment. Nor, moreover, did the Sentencing Commission's general

conclusions about the risk of rearrest among a population of offenders displace the district court's responsibility to conduct an individualized assessment of Michel's history and characteristics. *See* 18 U.S.C. §§ 3553(a)(2), 3582(c)(2); U.S.S.G. § 1B1.10(a)(1), (d).

Finally, Michel says the district court erred by ignoring his mental health issues, the emotional and psychological abuse he endured as a child, and his efforts at rehabilitation, which were due consideration under § 3553(a). But, again, in determining that the § 3553(a) factors weighed against a sentence reduction, the district court said that it reviewed the full record, which included that information because it was discussed in Michel's presentence investigation report. The court's failure to specifically reference Michel's mitigating arguments does not suggest that it abused its discretion. *See Snipes*, 611 F.3d at 873.

Accordingly, the district court did not abuse its discretion in denying Michel's motion for a sentence reduction under § 3582(c)(2). Further, because the district court's order is due to be affirmed, we need not address whether reassignment to a different judge on remand would be appropriate.

**AFFIRMED.**